2001 WY 36

**Sandra EATHORNE, Appellant (Plaintiff),**

v.

**BOARD OF TRUSTEES OF THE MEMORIAL HOSPITAL OF CARBON COUNTY, a public corporation, Tim Ernst, Carol Frakes, Patsy Carter, and Beverly Young, Appellees (Defendants).**

No. 00–205.

Supreme Court of Wyoming.

April 11, 2001.

Representing Appellant: Jo Ann Fulton of Fulton Law Office, P.C., Laramie, WY.

Representing Appellees: Michael K. Davis of Yonkee & Toner, Sheridan, WY.

Before LEHMAN, C.J., and GOLDEN and HILL, JJ., and SPANGLER, D.J.Ret., and DONNELL, D.J.

DONNELL, District Judge.

[¶1]   In this appeal, we consider the dismissal on summary judgment of appellant's claim for wrongful termination of her employment.   Finding that the district court was correct in its determination that appellant's complaint was not filed within the one year time period permitted under the Wyoming Governmental Claims Act, we affirm.

## ISSUES

[¶2]   Appellant, Sandra Eathorne (Eathorne), states a single issue for this Court's consideration:

Was the Statute of Limitations tolled forty-five (45) days as provided in W.S. § 1–39–114?

Appellees, the Board of Trustees of the Memorial Hospital of Carbon County and sever-

al hospital employees (collectively the Hospital), take a slightly broader approach:

> Were Appellant's claims barred by the Wyoming Governmental Claims Act because she failed to file her action within one year of filing the document she identifies as a governmental claim?

## FACTS

[¶ 3] Eathorne was employed as a charge nurse in the Intensive Care Unit at the Memorial Hospital of Carbon County from July 26, 1994 until she was discharged on July 15, 1998. At least for purposes of this matter, the reasons for that discharge are largely irrelevant. On July 22, 1998, Eathorne's attorney transmitted to the Hospital a grievance form and what was later determined to be a "claim" pursuant to Wyo. Stat. Ann. § 1–39–113 (Lexis 1999) of the Wyoming Governmental Claims Act. This letter was followed by arbitration, or "[p]roblem-solving sessions," in January and February of 1999, and in March of 1999, the arbitrator found by written determination that Eathorne had been properly dismissed. There was apparently no further communication between the parties for the next several months.

[¶ 4] On August 12, 1999, almost thirteen months after her dismissal, Eathorne filed her complaint in the district court against the Hospital and various individuals. She alleged claims for defamation, intentional interference with contract, intentional interference with prospective advantage, intentional infliction of emotional distress, breach of the covenant of good faith and fair dealing, wrongful discharge, and punitive damages. She did not allege that she had presented a statement of claim as required by the Wyoming Governmental Claims Act, Wyo. Stat.

Ann. § 1–39–113. *See also Allen v. Lucero*, 925 P.2d 228, 230 (Wyo.1996) and *Board of Trustees of University of Wyoming v. Bell*, 662 P.2d 410, 415 (Wyo.1983). The Hospital counterattacked in the form of a motion to dismiss and noted this error. Eathorne was eventually permitted to file an amended complaint in which she alleged her claim was filed on July 22, 1998.

[¶ 5] The Hospital filed a motion for summary judgment in March of 2000, arguing that Eathorne missed the one-year statute of limitations for filing her complaint as set out in Wyo. Stat. Ann. § 1–39–114 (Lexis 1999).[1] Eathorne did not contest the assertion that her complaint was filed more than a year after her claim; but, instead, argued the statute was tolled for forty-five days because she was neither advised by the Hospital as to applicable insurance coverage nor mailed any decision on her claim within any statutory time period otherwise provided. Following a hearing, the district court determined that the Hospital had insurance coverage and that, therefore, the tolling language of the statute did not apply. The district court determined that Eathorne's complaint was barred by the one-year statute of limitations, and judgment was entered in favor of the Hospital.

## STANDARD OF REVIEW

[¶ 6] We have stated the standard of review on appeals from summary judgment on many occasions. "When we review a summary judgment, we have before us the same materials as did the district court, and we follow the same standards which applied to the proceedings below." *Reed v. Miles Land & Livestock Co.*, 18 P.3d 1161, 1163 (Wyo.2001). "If the evidence is subject to

---

1. Wyo. Stat. Ann. § 1–39–114 provides:

    Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113. In the case of a minor seven (7) years of age or younger, actions against a governmental entity or public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act are forever barred unless commenced within two (2) years after occurrence or until his eighth birthday, whichever period is greater. In no case shall the statute of limitations provided in this section be longer than any other applicable statute of limitations. *In the absence of applicable insurance coverage, if the claim was properly filed, the statute shall be tolled forty-five (45) days after a decision by the entity, if the decision was not made and mailed to the claimant within the statutory time limitation otherwise provided herein.* (Emphasis added.)

conflicting interpretations or reasonable minds might differ as to its significance, summary judgment is improper." *Weaver v. Blue Cross–Blue Shield of Wyoming,* 609 P.2d 984, 987 (Wyo.1980). However, "[t]he motion for summary judgment should be sustained in the absence of a real and material fact issue considering movant's burden, respondent's right to the benefit of all favorable inferences and any reasonable doubt, with credibility questions to be resolved by trial." *Cordova v. Gosar,* 719 P.2d 625, 640 (Wyo.1986). We do not accord deference to the district court's decision on issues of law. *Ahearn v. Tri–County Federal Sav. Bank,* 948 P.2d 896, 897 (Wyo.1997).

## DISCUSSION

[¶ 7] The Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 through 1–39–121 (Lexis 1999), is a closed-end act that governs the filing of suits and the recovery of damages against governmental entities in the State of Wyoming. Wyo. Stat. Ann. § 1–39–104; *Sawyer v. City of Sheridan,* 793 P.2d 476, 478 (Wyo.1990). Pursuant to the terms of the Wyoming Governmental Claims Act, a claimant is required to meet certain requirements prior to pursuing litigation. The claimant first must present an itemized statement of claim not more than two years after the date of the alleged act, error, or omission.[2] Wyo. Stat. Ann. § 1–39–113(a). The claimant then must commence an action within one year after the presentation of this statement of claim. The complaint must allege the presentation of the statement of claim and the date of such. Failure to comply with any of these requirements operates as an absolute bar to suit. *Allen,* 925 P.2d at 230–31; *Amrein v. Wyoming Livestock Bd.,* 851 P.2d 769, 771 (Wyo. 1993); *Duran v. Board of County Com'rs of Sweetwater County,* 787 P.2d 971, 972 (Wyo. 1990). These requirements apply even where the claim arises out of an employment relationship, as was the case here. Wyo.

Stat. Ann. § 1–39–119; *Allen,* 925 P.2d at 230.

[¶ 8] The date of the alleged act, Eathorne's termination, was July 15, 1998, and her claim was presented on July 22, 1998. Thus, her claim was timely presented, and her complaint, to be timely, must have been filed by July 21, 1999. Wyo. Stat. Ann. § 1–39–114. In fact, her action was commenced on August 12, 1999. Eathorne contends that the Hospital failed to properly notify its insurance carrier of her claim and failed to mail to her a decision on her claim within the one-year period. Wyo. Stat. Ann. § 1–39–114. Thus, she contends the statute was tolled by forty-five days and her complaint was timely filed.

[¶ 9] There are two problems with Eathorne's position. First, Eathorne was not required to wait for an answer to her claim before commencing her action, Wyo. Stat. Ann. § 1–39–113(c), and the Hospital was not required by the statute to advise its insurer of Eathorne's claim within any particular time. Eathorne argues that notice was required by Wyo. Stat. Ann. § 1–39–115(a), but it is clear that this requirement applies only to claims against the state, not local entities.[3] Second, the record in this matter indicates that the Hospital has "applicable insurance coverage." Eathorne was not entitled simply to assume there was no insurance coverage, and there is no indication the Hospital ever represented to her the contrary. The undisputed evidence in this matter indicates that the Hospital had a policy in effect and that the insurer sent a so-called "reservation" letter to the Hospital after it was advised of Eathorne's claim in August of 1999. At no time, however, did the insurer ever deny coverage nor was there ever any determination that there was no applicable coverage. Such being the case, the statutory provision upon which Eathorne relies simply has no application. Her com-

---

2. There are certain exceptions to this requirement, but those exceptions are not applicable here. Wyo. Stat. Ann. § 1–39–113(a).

3. Wyo. Stat. Ann. § 1–39–115(a) provides: "Upon receipt of a claim against *the state* which is covered by insurance, the general services

division of the department of administration and information shall send the claim to the insurance company insuring the risk involved for investigation, adjustment, settlement and payment." (Emphasis added.)

plaint should have been filed within one year of the date her claim was presented.

[¶ 10]  It should be understood that this Court does not hold or imply that, had there been no "applicable insurance coverage" in this case, Eathorne's time for filing her complaint would have been extended.  In view of the fact that the provision in question does not apply here, that is an issue that must await determination in a more appropriate case.

[¶ 11]  The judgment of the district court is affirmed in all respects.