2004 WY 31

William N. BEAULIEU and April D. Beaulieu; and William N. Beaulieu and April D. Beaulieu, as parents and natural guardians of minor children Cheyenne Rochelle Beaulieu and Skilar Jonea Beaulieu, Appellants (Plaintiffs),

v.

Bruce A. FLORQUIST and The City of Rawlins, Appellees (Defendants).

No. 02–276.

Supreme Court of Wyoming.

March 25, 2004.

Representing Appellants: Walter Urbig-kit, Cheyenne, Wyoming.

Representing Appellees: Loyd E. Smith of Murane & Bostwick, LLC, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, and VOIGT, JJ., and BROOKS, D.J.

VOIGT, Justice.

[¶ 1]   This is an appeal from a summary judgment granted to a municipality and its employee in a tort action because the appellants' claim failed to comply with the requirements of the Wyoming Constitution.   We affirm.

## ISSUES

[¶ 2]   The parties have worded the issues in unnecessarily complex and argumentative fashion.   We find the dispositive issues to be:

1.   Does Wyo. Const. art. 16, § 7 require a claim filed under the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101, *et seq.*   (Lexis 1999), to be signed by the claimant? [1]

2.   Does Wyo. Const. art. 16, § 7 require a claim filed under the Wyoming Governmental Claims Act to be certified to under penalty of perjury?

3.   Should the doctrine of judicial estoppel apply to bar any of the appellants' arguments?

4.   If the claim in this case was defective, should it be saved by the equitable doctrines of equitable estoppel, waiver, or laches?

5.   If the claim in this case was defective, should it be saved by the doctrine of substantial compliance?

6.   Did the decision in *Beaulieu v. Florquist,* 2001 WY 33, 20 P.3d 521 (Wyo.2001) (*Beaulieu I*), establish the "law of the case" so as to prohibit the appellees from contesting the validity of the second governmental claim?

## FACTS

[¶ 3]   This case is before us a second time.   The salient facts may be gleaned from our prior opinion.   On December 19, 1996, a vehicle driven by a Rawlins city employee, Bruce Florquist, struck a vehicle occupied by William N. Beaulieu, his wife, April D. Beaulieu, and their daughter, Cheyenne Rochelle Beaulieu.[2]   Within a week of the accident, a "Notice of Claim" appeared in the office of the Rawlins city attorney, asserting personal injury and property damage.   After receiving a settlement offer from the city's insurer, Mr. Beaulieu hired an attorney, who filed a second claim with the city on June 29, 1998.   When there was no response from the city, the Beaulieus filed suit on June 14, 1999.   *Beaulieu I,* 2001 WY 33, ¶¶ 4–6, 20 P.3d at 524–25.

## STANDARD OF REVIEW

[¶ 4]   Summary judgments are governed by W.R.C.P. 56.   Our standard for reviewing summary judgments has been recited many times and need not be repeated here.   *See Beaulieu I,* 2001 WY 33, ¶¶ 8–10, 20 P.3d at 525–26.

## DISCUSSION

### CLAIMANT'S SIGNATURE CERTIFIED TO UNDER PENALTY OF PERJURY

[¶ 5]   In *Beaulieu I,* the district court granted summary judgment to the appellees on the ground that the lawsuit was time barred by Wyo. Stat. Ann. § 1–39–114.[3]

---

1.   There is no change in the relevant portion of the current 2003 codification of this act.

2.   Mrs. Beaulieu was pregnant at the time of the collision.   Skilar Jonea Beaulieu was born subsequent to the accident.   The four members of the Beaulieu family are the appellants in this case.

3.   Wyo. Stat. Ann. § 1–39–114 states:
    Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113.   In the case of a minor seven (7) years of age or younger, actions against a governmental entity or public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act are forever barred unless commenced within two (2) years after occurrence or until his eighth birthday, whichever period is greater.   In no case shall the statute of limitations provided in this section be longer than any other applicable statute of limitations.   In the absence of applicable insurance coverage, if the claim was properly filed, the statute shall be tolled forty-five (45) days after a decision by the entity, if

*Beaulieu I*, 2001 WY 33, ¶ 7, 20 P.3d at 525. On appeal, this Court reversed because, inasmuch as the "Notice of Claim" that appeared in the city attorney's office in December of 1996 did not comply with any of the requirements of Wyo. Const. art. 16, § 7, it was not a valid claim under the Wyoming Governmental Claims Act, so the appellees could not rely upon the statute of limitations found in that Act.[4] *Beaulieu I*, 2001 WY 33, ¶¶ 13–17, 20 P.3d at 526–27. We summarized our holding as follows:

> We hold that the City of Rawlins is a political subdivision to which the requirements of art. 16, § 7 are applicable. A valid claim against such a municipality must be in writing and certified under penalty of perjury, which means it must be signed. Further, it must be presented to the officer or officers charged with the duty of auditing it. Such claims are subject to the same rules that have been established with respect to claims against the State. In any action against the municipality, it is necessary to allege with specificity that the claim was filed and the date it was filed. Obviously the document upon which the City of Rawlins relies in this case fails to satisfy those criteria.

*Id.*, 2001 WY 33, ¶ 17, 20 P.3d at 527.

[¶ 6] The claim at issue in *Beaulieu I* was an unsigned, undated "Notice of Claim" that "appeared" in the city attorney's office soon after the accident.[5] Presently at issue is a second claim, this one having been signed by the Beaulieus' attorney and filed with the Rawlins City Clerk on June 29, 1998. *Beaulieu I*, 2001 WY 33, ¶ 6, 20 P.3d at 525. This "Governmental Claim," as it was entitled, was not signed by any of the claimants, nor was it certified under penalty of perjury.

[¶ 7] The appellees challenged the second claim by renewing their motion for summary judgment. The renewed motion contended that the second claim failed to satisfy the requirements for a governmental claim found in Wyo. Const. art. 16, § 7, as established by *Beaulieu I*, and that, therefore, the district court lacked subject matter jurisdiction. After hearing, the district court granted the motion. Relying on *Beaulieu I*, the district court concluded that the second claim, not being signed by a claimant and not being certified under penalty of perjury, was invalid. Furthermore, again citing *Beaulieu I*, the district court held that the proper filing of a claim is a jurisdictional prerequisite to the filing of a complaint.

[¶ 8] The district court was correct. *Beaulieu I* made it clear that governmental claims must meet the requirements of Wyo. Const. art. 16, § 7, including the requirement that such claims must be signed and certified under penalty of perjury. *Beaulieu I*, 2001 WY 33, ¶¶ 13–18, 20 P.3d at 526–27. Further, *Beaulieu I* made it just as clear that the claim "must be signed *by the claimant* or the charge of perjury could not lie." *Id.*, 2001 WY 33, ¶ 15, 20 P.3d at 527 (emphasis added).

[¶ 9] Central to the district court's disposition of these first two issues was its conclusion that the signature and certification deficiencies in the second claim meant that a proper claim had not been filed with the governmental entity, and that, therefore, the court lacked subject matter jurisdiction. We affirm that conclusion and add the following discussion to clarify the law in that regard.

[¶ 10] Many cases have come before this court involving the statutory and consti-

---

the decision was not made and mailed to the claimant within the statutory time limitation otherwise provided herein.

4. Wyo. Const. art. 16, § 7 states:

No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the

officer or officers whose duty it may be to audit the same.

5. The origin of this "Notice of Claim" appears to be a mystery. It was not signed by any of the claimants and Mr. Beaulieu testified by affidavit that it was not prepared by him or any member of his family. No one from the city knew when, or by whom, it was presented. Mr. Beaulieu speculated that it was prepared by his insurance carrier to obtain reimbursement for property damage payments. *See Beaulieu I*, 2001 WY 33, ¶ 5, 20 P.3d at 524–25.

tutional requirements for making a claim against a governmental entity.[6]  In resolving the issues raised in those cases, we have created a rule whereby, in order to invoke the jurisdiction of the district court, the complaint must allege the filing of a claim with the governmental entity and it must allege the date of that filing. *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 771 (Wyo.1993); *Awe v. University of Wyoming*, 534 P.2d 97, 102 (Wyo.1975), *overruled on other grounds by Dye by Dye v. Fremont County School Dist. No. 24*, 820 P.2d 982, 986 (Wyo.1991).

[¶ 11]  Many of our prior cases have dealt with the necessity of alleging such filing and the date of filing under Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2003), or similar statute, as a condition precedent to suit.[7] *See, for example, Garnett v. Brock*, 2 P.3d 558, 561 (Wyo.2000); *Routh v. State ex rel. Wyoming Workers' Compensation Div.*, 952 P.2d 1108, 1117 (Wyo.), *cert. denied*, 525 U.S. 814, 119 S.Ct. 49, 142 L.Ed.2d 38 (1998); *Boyd v. Nation*, 909 P.2d 323, 325 (Wyo. 1996); *Amrein*, 851 P.2d at 771; *Dee v. Laramie County*, 666 P.2d 957, 959 (Wyo. 1983); and *Board of Trustees of University of Wyoming v. Bell*, 662 P.2d 410, 414 (Wyo. 1983).  However, as early as *Utah Const. Co. v. State Highway Commission*, 45 Wyo. 403, 19 P.2d 951, 953 (1933), we held that statutes granting the right to sue the state must be construed in consonance with the constitu-

tion, and that plaintiffs cannot comply with the constitution by reducing a claim to judgment and then filing that judgment as a claim against the state.  The gist of that dual holding is that a claim filed with the governmental entity must meet the constitutional, as well as the statutory, requirements.  In *Beaulieu I*, 2001 WY 33, ¶ 13, 20 P.3d at 526, we reiterated that precept:  "It never has been questioned that a claim against the State must comply with the requirements of Wyo. Const. art. 16, § 7."  A logical inference from that statement is that, just as in the case of a plaintiff's failure to allege his claim's compliance with statutory requirements, failure to allege his claim's compliance with constitutional requirements results in a lack of subject matter jurisdiction.

[¶ 12]  Unfortunately, our precedent on this issue is not consistent.  Even in *Beaulieu I*, 2001 WY 33, ¶ 14, 20 P.3d at 527, where we recognized that governmental claims must meet constitutional requirements, we also noted that this court "has ruled that the execution requirements of art. 16, § 7 can be waived by failing to assert the issue in the trial court...."  That suggests that the constitutional requirements are not jurisdictional, because the question of subject matter jurisdiction can be raised at any time and is not waived even if not raised below. *Boyd*, 909 P.2d at 325 (*quoting United Mine Workers of America Local 1972 v. Decker*

---

6.  *Eathorne v. Board of Trustees of Memorial Hosp. of Carbon County*, 2001 WY 36, 21 P.3d 745 (Wyo.2001); *Beaulieu I*, 2001 WY 33, 20 P.3d 521; *Garnett v. Brock*, 2 P.3d 558 (Wyo. 2000); *Routh v. State ex rel. Wyoming Workers' Compensation Div.*, 952 P.2d 1108 (Wyo.), *cert. denied*, 525 U.S. 814, 119 S.Ct. 49, 142 L.Ed.2d 38 (1998); *Allen v. Lucero*, 925 P.2d 228 (Wyo. 1996); *Boyd v. Nation*, 909 P.2d 323 (Wyo.1996); *Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769 (Wyo.1993); *Cranston v. Weston County Weed and Pest Bd.*, 826 P.2d 251 (Wyo.1992); *Martinez v. City of Cheyenne*, 791 P.2d 949 (Wyo.1990); *Duran v. Board of County Com'rs of Sweetwater County*, 787 P.2d 971 (Wyo.1990); *Dee v. Laramie County*, 666 P.2d 957 (Wyo.1983); *Board of Trustees of the University of Wyoming v. Bell*, 662 P.2d 410 (Wyo.1983); *Rissler & McMurry Co. v. Wyoming Highway Dept.*, 582 P.2d 583 (Wyo. 1978); *Wyoming State Highway Department v. Napolitano*, 578 P.2d 1342 (Wyo.1978); *Awe v. University of Wyoming*, 534 P.2d 97 (Wyo.1975), *overruled on other grounds by Dye by Dye v. Fremont County School Dist. No. 24*, 820 P.2d

982, 986 (Wyo.1991); *Price v. State Highway Commission*, 62 Wyo. 385, 167 P.2d 309 (1946); *Utah Const. Co. v. State Highway Commission*, 45 Wyo. 403, 19 P.2d 951 (1933); *Town Council of Town of Hudson v. Ladd*, 37 Wyo. 419, 263 P. 703 (1928); *Houtz v. Board of Com'rs of Uinta County*, 11 Wyo. 152, 70 P. 840 (1902).

7.  Wyo. Stat. Ann. § 1–39–113 provides, in pertinent part:

   (a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission ...

   . . .

   (c) All claims against the state shall be presented to the general services division of the department of administration and information. Claims against any other governmental entity shall be filed at the business office of that entity.

*Coal Co.,* 774 P.2d 1274, 1283–84 (Wyo.1989)); *Nicholaus v. Nicholaus,* 756 P.2d 1338, 1342 (Wyo.1988); *Bell,* 662 P.2d at 415. We have, in fact, previously stated that the constitutional signature and certification requirements, unlike the statutory filing requirements, are not jurisdictional:

> The State ... contends that an omission of the correct certification results in a failure of subject matter jurisdiction, and the issue can be raised at any time in the proceeding. We do not agree with this contention. The failure to verify or certify as the constitution now reads is nothing more than a defect or an irregularity that is not jurisdictional.

*Martinez v. City of Cheyenne,* 791 P.2d 949, 958 (Wyo.1990).

[¶ 13] We now believe that *Martinez* was wrongly decided and that it must be overruled. The above-quoted statement from *Martinez* was supported by a citation to *In re Bear River Irr. Dist.,* 51 Wyo. 343, 65 P.2d 686 (1937). *Bear River Irr. Dist.,* however, did not involve the filing of a governmental claim nor did it involve the signature and certification requirement of Wyo. Const. art. 16, § 7. Rather, *Bear River Irr. Dist.* concerned a petition for the organization of an irrigation district, and a provision in the statutory Code of Civil Procedure that required pleadings to be verified. *Bear River Irr. Dist.'s* holding that the failure to meet that statutory verification requirement was "but a defect or irregularity" that was not jurisdictional simply should not be equated with the failure to comply with a constitutional signature and certification requirement for the presentation of a claim against a governmental entity. *In re Bear River Irrigation Dist.,* 65 P.2d at 687. Over a hundred years ago, we recognized the special significance of the signature and certification requirements when governmental claims are involved:

> [I]t is plain that the purpose of requiring a full itemized statement was to hedge a county board about with such restrictions in the allowance of bills that the individual citizens and taxpayers might have the means of knowing the cause and validity of county expenditures, and that the requirement for verification has for its object a

showing of good faith and honesty in the presentation of the bill, and some evidence of the truth, justness, and correctness of the claim. As was said in a recent case, the provisions are "designed to protect the board from importunities to pass upon claims before they are presented in such a way as to be considered intelligently, to enable it to easily eliminate improper charges from claims, and to enable taxpayers to detect abuses in the allowance of claims."

*Houtz v. Board of Com'rs of Uinta County,* 11 Wyo. 152, 70 P. 840, 842 (1902) (*quoting Northern Trust Co. v. Snyder,* 113 Wis. 516, 89 N.W. 460 (1902)).

[¶ 14] The rule that the timely filing of a proper claim with the governmental entity is a condition precedent to suit is a judicially created rule. *Awe,* 534 P.2d at 102. Heretofore, we have limited the application of that rule, when determining the presence or absence of subject matter jurisdiction, to the statutory requirements; that is, we have required only that the complaint allege the filing of the claim and the date of such filing. We now hold, however, that the complaint must also allege compliance with the signature and certification requirements of the state constitution. No proper claim has been filed if it does not meet those constitutional requirements, so the district court does not obtain subject matter jurisdiction until those constitutional requirements are met. That, in effect, was the essence of the holding in *Beaulieu I.*

[¶ 15] It is important to distinguish between the constitutional signature and certification requirements and the judicially created condition precedent requirement. While we recognized as long ago as *Utah Const. Co.* that governmental claims must meet the constitutional requirements, we have not heretofore required that complaints allege such compliance. It is our intention clearly to do so now. Inasmuch as the courts do not have subject matter jurisdiction over a governmental claim that has not met the constitutional requirements, it shall henceforth be incumbent upon the plaintiff in such a case to allege in his or her complaint not only compliance with statutory filing requirements,

but compliance with constitutional signature and certification requirements. This rule shall apply to all complaints filed after the date of publication of this opinion.[8]

## JUDICIAL ESTOPPEL

[¶ 16] The doctrine of judicial estoppel may be applied to foreclose a party from maintaining inconsistent positions in judicial proceedings. *Amoco Production Co. v. Board of County Com'rs of County of Sweetwater*, 2002 WY 154, ¶ 17, 55 P.3d 1246, 1252 (Wyo.2002). When the position taken by a party in the first proceeding is successful, that position " 'rises to the dignity of conclusiveness.' " *Id.* (*quoting Cross v. Berg Lumber Co.*, 7 P.3d 922, 930 (Wyo.2000)). It has been the policy of this Court, however, to apply the doctrine of judicial estoppel sparingly, and not in a highly technical manner that prevents litigation on the merits. *Polo Ranch Co. v. City of Cheyenne*, 2003 WY 15, ¶ 22, 61 P.3d 1255, 1262 (Wyo.2003) (*quoting Robertson v. TWP, Inc.*, 656 P.2d 547, 553 (Wyo.1983)). Furthermore, judicial estoppel does not apply to legal conclusions based on undisputed facts. *Board of County Com'rs for Sublette County v. Exxon Mobil Corp.*, 2002 WY 151, ¶ 14, 55 P.3d 714, 720 (Wyo. 2002) (*quoting Ottema v. State ex rel. Worker's Compensation Div.*, 968 P.2d 41, 46 (Wyo.1998)); *Erhart v. Flint Engineering & Const.*, 939 P.2d 718, 723–24 (Wyo.1997).

[¶ 17] The appellees argue that, since the Beaulieus were successful in *Beaulieu I* in contending that the first claim was invalid because it did not meet the requirements of Wyo. Const. art. 16, § 7, they are judicially estopped from now contending that the second claim did not have to meet those requirements. We disagree, and we decline to apply the doctrine.

[¶ 18] It is true that the Beaulieus' position as to the first claim was that it was invalid for failure to meet the constitutional requirements. But their present position as to the second claim is not necessarily contradictory to that position. Rather, they now simply argue that the constitutional signing requirements can be met by the signature of an attorney. Beyond that, the question of the constitution's signature requirements is a question of law to which the doctrine of judicial estoppel does not apply.

## EQUITABLE ESTOPPEL, WAIVER AND LACHES

[¶ 19] This Court's mandate in *Beaulieu I* issued on April 17, 2001. The appellees filed their renewed summary judgment motion on June 26, 2002. Between those dates, the parties engaged in a nasty and extensive discovery battle, characterized by motions to compel, motions to strike, and motions to quash. The Beaulieus' equitable contention is that the primary assertion of the renewed motion, that the district court lacked subject matter jurisdiction because the second claim failed to meet the governmental claim requirements established in *Beaulieu I*, could have been raised much earlier, thereby obviating the trouble and expense of discovery. The Beaulieus, stung by the passage of the period of limitations established in Wyo. Stat. Ann. § 1–39–113 for the filing of a claim, raised the equitable defenses of equitable estoppel,[9] waiver,[10] and

---

8. The summary judgment in the instant case is being affirmed because of the substantive failure to comply with the constitutional requirements, not because of the failure to allege compliance.

9. We recently described the doctrine of equitable estoppel in *Birt v. Wells Fargo Home Mortgage, Inc.*, 2003 WY 102, ¶ 34, 75 P.3d 640, 653 (Wyo. 2003):

    " 'Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might otherwise have existed as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse.' " *Snake River Brewing Co., Inc. v. Town of Jackson*, 2002 WY 11, ¶ 28, 39 P.3d 397, 407–08 (Wyo.

2002) (*quoting State Farm Mut. Auto. Ins. Co. v. Petsch*, 261 F.2d 331, 335 (10th Cir.1958)). "Equitable estoppel arises only when a party, by acts, conduct, or acquiescence causes another to change his position." *Roth v. First Sec. Bank of Rock Springs, Wyo.*, 684 P.2d 93, 96 (Wyo.1984). The elements of equitable estoppel are a lack of knowledge, reliance in good faith, and action or inaction that results in an injury. *Id.* Equitable estoppel is similar to promissory estoppel, but equitable estoppel is a tort doctrine that requires proof of misrepresentation. *B & W Glass, Inc.* [*v. Weather Shield Mfg., Inc.*,] 829 P.2d [809,] 813 [ (Wyo. 1992) ].

10. "Waiver is the intentional relinquishment of a known right." *Squaw Mountain Cattle Co. v.*

laches.[11] The Beaulieus' equitable arguments were summarized in their appellate brief as follows:

> In this case defendants failed to assert its [*sic.*] argument under the Wyoming Constitution until after the statute of limitations period had run. Appellees acted as if the claims of each member of the Beaulieu family were valid and legitimate and participated in the comprehensive litigation-oriented activities as if the claims were valid including waiver of non-inclusion in the first summary judgment motion and then disregard of the opportunity to end the litigation during the fourteen-month litigative campaign after first appeal reversal. Neither the Beaulieu family nor counsel, who is of course ultimately responsible, had any reason to expect that the claims were anything but valid given the language of the Governmental Claims Act, coupled with the failure of any action to have been taken in behalf of present Appellees by their attorney whom was also ultimately responsible.

[¶ 20] The appellees raise three counter-arguments. First, citing *Snake River Brewing Co., Inc. v. Town of Jackson*, 2002 WY 11, ¶ 28, 39 P.3d 397, 407–08 (Wyo.2002) and *Thompson v. Board of County Com'rs of the County of Sublette*, 2001 WY 108, ¶ 11, 34 P.3d 278, 281 (Wyo.2001), they point out that, as a general rule, estoppel will not lie against governmental bodies without a showing of affirmative misconduct. Second, they contend that the Beaulieus were well aware of the applicability of Wyo. Const. art. 16, § 7, inasmuch as they were the ones who raised the issue in regard to the first claim. And third, the appellees argue that, given the age

of the case, it was necessary to preserve testimony through discovery before another venture into the appeal process.[12]

[¶ 21] The district court did not rule directly on any of the equitable defenses, but the grant of summary judgment to the appellees clearly incorporated a ruling against the Beaulieus on these theories. Although we would prefer that the record contain specific rulings on each issue, we will affirm the district court because the record does not support the applicability of equitable estoppel, waiver or laches. It was not unreasonable for the appellees to proceed with discovery prior to filing another motion for summary judgment. In fact, their estimation that another summary judgment process, followed by another appeal, could add another year or more to the case turned out to be prophetic. Furthermore, this was not a situation where the appellees possessed superior knowledge of the state of the law. The Beaulieus first raised the issue of the applicability of Wyo. Const. art. 16, § 7 to claims under the Wyoming Governmental Claims Act, and successfully argued that position. And most importantly, *Beaulieu I*, 2001 WY 33, ¶ 15, 20 P.3d at 527, left little doubt that the claim must be signed by the claimant and certified to under penalty of perjury:

> The requirement is clear that an itemized statement in writing is to be filed, which is certified under penalty of perjury. Such a statement must be signed by the claimant or the charge of perjury could not lie.

[¶ 22] When the mandate in *Beaulieu I* issued, too much time had passed since the

---

Bowen, 804 P.2d 1292, 1297 (Wyo.1991). Waiver must be manifest in some unequivocal manner. *Amax Coal West, Inc. v. Wyoming State Bd. of Equalization*, 896 P.2d 1329, 1333 (Wyo.1995) (*quoting Jackson State Bank v. Homar*, 837 P.2d 1081, 1086 (Wyo.1992)).

11. Laches is an equitable theory based on an unreasonable delay by a party in asserting a right. *Squaw Mountain Cattle Co.*, 804 P.2d at 1297. Laches is comprised of inexcusable delay, and injury, prejudice or disadvantage to others. *Moncrief v. Sohio Petroleum Co.*, 775 P.2d 1021, 1025 (Wyo.1989). The party asserting the doctrine of laches must show that he relied on the other party's actions and changed his position in

reliance thereon to his prejudice. *Murphy v. Stevens*, 645 P.2d 82, 91 (Wyo.1982). The defense of laches is reserved for the rare case where a protracted acquiescence induces the undertaking of substantial activity in reliance thereon. *First Nat. Bank of Lander v. First Wyoming Sav. and Loan Ass'n*, 592 P.2d 697, 702 (Wyo. 1979).

12. The accident occurred in December 1996. The lawsuit was filed in June 1999. The mandate in *Beaulieu I* issued in April 2001. The case was four-and-a-half years old when jurisdiction was returned to the district court.

accident for the Beaulieus to file a new claim with the City of Rawlins. Nevertheless, the Beaulieus could have prevented the lengthy and expensive discovery process that followed by dismissing their complaint or by bringing the attorney signature issue before the district court on their own initiative. The clear language of *Beaulieu I* quoted above certainly should have alerted them to the deficiency in their claim. This simply is not a case where equity demands that the court step in to save them. The appellees made no misrepresentations to the Beaulieus, there is no evidence that the appellees intended to give up their right to pursue the Wyo. Const. art. 16, § 7 arguments, and it was not unreasonable to conduct discovery before embarking on a second appeal process.

## SUBSTANTIAL COMPLIANCE

[¶ 23] In their next argument, the Beaulieus cite *Rissler & McMurry Co. v. Wyoming Highway Dept.*, 582 P.2d 583 (Wyo. 1978), for the proposition that substantial compliance, rather than strict compliance, with a governmental claims notice statute is sufficient. In *Rissler & McMurry Co.*, 582 P.2d at 588, this Court held that failure to file a claim with the State Auditor, as required by statute, was not fatal where the claimant had filed the claim with the State Highway Department, as required by the Department's rules. We applied the doctrine of substantial compliance in that situation because the primary purpose of notice—allowing the State an opportunity to investigate and negotiate claims—was preserved.[13]

[¶ 24] The appellees' response to this argument is essentially a judicial estoppel argument. They point out the Beaulieus' contention in *Beaulieu I* that Wyoming clearly requires strict, as opposed to substantial, compliance with statutory requirements, and they argue that the Beaulieus should not now be allowed to argue the opposite view of the law.

[¶ 25] Neither in its decision letter nor in its order granting the summary judgment motion did the district court directly address the concept of substantial compliance. The gist of the district court's decision, however, is that a claimant cannot comply with the constitutional signature requirements by submitting a claim signed only by his attorney. We agree. Whether viewed under a strict compliance standard or a substantial compliance standard, the fact remains that the primary purpose for the constitutional requirements—to make sure that governmental claims be sworn to by the claimant—simply cannot be accomplished through an attorney's signature.

## LAW OF THE CASE

[¶ 26] We described the law-of-the-case doctrine in *Lyden By and Through Lyden v. Winer*, 913 P.2d 451, 454 (Wyo. 1996):

The "law of the case" doctrine stands for the proposition that a court's decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation. *Triton Coal Co. v. Husman, Inc.*, 846 P.2d 664, 667 (Wyo.1993); *see also* 1B *Moore's Federal Practice* ¶ 0.404[1] (2d ed.1991). This doctrine is designed to avoid repetitious litigation and to promote consistent decision making; thus, it is related to res judicata, collateral estoppel and stare decisis. *Triton Coal*, at 667. Usually the "law of the case" doctrine requires a district court to adhere to its prior rulings, adhere to the rulings of an appellate court, or adhere to another judge's rulings in the same case or a closely related case. *Triton Coal*, at 668; *see also* 18 Wright, Miller & Cooper, *Federal Practice and Procedure:* § 4478 (1981).

[¶ 27] The basis for the Beaulieus' law-of-the-case argument is not entirely clear, although in the following passage from their appellate brief, it appears they contend that,

---

13. *See Cranston*, 826 P.2d at 257–58, for a considerably more limited view of the doctrine of substantial compliance in regard to the Wyoming Governmental Claims Act. *Cranston*, 826 P.2d at 256–57, also describes the inapplicability of the doctrine of equitable estoppel in the absence of assertions or representations by the governmental entity that were relied upon by the claimant in failing to meet claim filling requirements.

**872**

by its silence in *Beaulieu I* with respect to the validity of the Beaulieus' second claim, this Court impliedly found that claim to be valid:

> Law of the case in this concept is similar to waiver or estoppel, but rather in a more technical sense involves the finality position previously related by Appellant that if the Supreme Court of Wyoming had determined to effectively conclude the Beaulieu family litigation in making the first decision, it would have so stated definitively there. The Beaulieu family and their attorney postulate that the Supreme Court intended to do what was done. Consequently it is argued under *Triton* and [*Lyden*] concepts that the decision and opinion to be rendered in *Beaulieu II* should be interpreted to do what was said in *Beaulieu I* which is again to remand the case and this time for trial to invalidate the dismissal by the District Court based on a sequential motion for summary judgment involving an issue to have been as clearly apparent that first time as it came to be in this present second appeal.

[¶ 28] The law-of-the-case doctrine does not apply in this instance. At issue in *Beaulieu I* was the validity of the first claim. The issue at present is the validity of the second claim. By no stretch of the imagination could it be said that, by failing to find the second claim invalid in *Beaulieu I*, we somehow found it to be valid. If there is any role for the law-of-the-case doctrine in this case, it would be in its *stare decisis* sense. That is, having said in *Beaulieu I* that a claim filed under the Wyoming Governmental Claims Act must meet the requirements of Wyo. Const. art. 16, § 7, including the requirement that it be signed by the claimant and certified to under penalty of perjury, we could hardly say in *Beaulieu II* that the opposite is true.

## CONCLUSION

[¶ 29] The Governmental Claim signed by the Beaulieus' attorney and filed with the City of Rawlins did not meet the signature and certification requirements of Wyo. Const. art. 16, § 7, and was therefore not a valid claim. Consequently, the district court

lacked subject matter jurisdiction and dismissal of the Beaulieus' complaint through summary judgment was appropriate. The Beaulieus have not established the necessary facts to support application of the doctrines of equitable estoppel, waiver, laches, or substantial compliance, and the law-of-the-case doctrine does not bar the appellees from contesting the validity of the governmental claim.

[¶ 30] Affirmed.