2008 WY 126

Richard V. GOSE and Celeste M. Gose, Appellants (Plaintiffs),

v.

CITY OF DOUGLAS, Wyoming, Appellee (Defendant).

No. S–07–0242.

Supreme Court of Wyoming.

Oct. 13, 2008.

Representing Appellants:  Pro se.

Representing Appellee:  Rick L. Koehmstedt and Peter J. Timbers of Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   The City of Douglas (City) did not approve a subdivision proposed by Appellants Richard and Celeste Gose (the Goses). The Goses filed a complaint seeking money damages from the City, based on a claim of inverse condemnation.   The district court dismissed the damages claim, with prejudice, because, among other reasons, the Goses' complaint did not allege that their notice of governmental claim complied with the certification and signature requirements contained in Wyo. Const. art. 16, § 7. While we agree

that dismissal of the damages claim was proper, we find that the dismissal should have been without prejudice. Also, we will affirm the district court's denial of mandamus relief, because the City does not have an absolute and incontrovertible duty to approve the subdivision.

## ISSUES

[¶ 2]   The Goses present this statement of the issues:

1.   The first issue in this case is the question of jurisdiction as is contested by Appellee under Rule 12(b)(1) of the Wyoming Rules of Civil Procedure raising the issue as to jurisdiction of the subject matter and framing the Motion and Brief as failing to follow the requirements of Article 16 Section 7 of the Wyoming Constitution, when the perfected demand under Article 16 Section 7 of the Wyoming Constitution was properly served on the City of Douglas and pled in the Complaint.

2.   The second issue in this case is the question of whether the 2 year limitation of actions set out in W.S. 1–39–113 which states "(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, * * * " started to run when the act of preventing the approval of the Cheyenne Subdivision was meaningful to damage Appellants started when the County Commissioners of Converse County approved the Subdivision in 2006 or the Appellee alleged at some earlier time, 2002, when the Converse County Planning and Zoning Commission gave a conditional approval which condition had not been met and the act by the City of Douglas was raised but of no effect.

3.   The third issue in this case is whether the City of Douglas had the Statutory Authority to demand of Appellant, Richard V. Gose, an agreement to improve a portion of County Road No. 56 to City of Douglas requirements by the paving, sidewalking, curbing and guttering of a portion of County Road No. 56 located on another person's property before approving the Cheyenne Subdivision or was precluded from this demand by its violating the tax laws of Wyoming.

4.   The fourth issue in this case is the question of [the district court's] legal ability to make decisions as to elect which fact to use to decide the motion of dismissal before the Court when on each issue before the Court, [the district court] elected a set of facts in opposition to the facts presented by Appellants to make his decision when this is a jury case with the Appellants not having waived a Jury determination of the facts and the contradicted facts decided upon should have been decided by a jury and not [the district court].

## FACTS

[¶ 3]   Appellants Richard and Celeste Gose (father and daughter) own land just outside the City of Douglas (City). This case arises from the Goses' attempts to subdivide that property.

[¶ 4]   Mr. Gose purchased the property in May of 1979. In June of 1980, the City annexed the Clearfield East Subdivision. The Goses' property lies adjacent to the Clearfield East Subdivision property. In August of 1993, the Douglas City Council passed a resolution that vacated the plat for the Clearfield East Subdivision. The resolution stated that it operated "to divest all public rights in the streets, alleys, commons and public ground laid out or described in such plat."

[¶ 5]   In 2001, Mr. Gose submitted a proposed subdivision, the "Cheyenne Subdivision," to Converse County officials. Because the proposed subdivision lies within one mile of City limits, the City was provided with a copy of the subdivision application. The City did not approve the subdivision. The proposed plat map indicates that the subdivision would be accessed by "unimproved" County Road No. 56, which passes through the Clearfield East Addition. The City took this position: "The portion of the roadway to serve this subdivision appears to be located within the city limits in the Clearfield East Addition to the City of Douglas [and] will

need to be designed and developed to city street specifications."[1] City street standards mandate paved roads, curb, gutter, and sidewalk. The City also questioned whether the proposed access road was a county road.

[¶ 6] On March 19, 2002, the Converse County Planning and Zoning Commission conditionally approved the subdivision plat, "subject to the necessity of the developer to resolve the access issue with the City of Douglas." In June of 2002, Mr. Gose proposed a city ordinance that would allow county roads within the city limits to be gravel. The City Council rejected the proposed ordinance.

[¶ 7] In a September 11, 2002, letter to Mr. Gose, the City Administrator stated that the "City's position continues to be that we have the ability to control how roadways are developed within the city limits, whether they are city or county roads." The letter also stated:

> The City would be willing to enter into a Deferred Development Agreement with you, whereby the road could be developed to gravel street standards until the Clearfield East Subdivision develops. At that time, we would insist that this roadway be paved with a percentage of that development appropriately belonging to all who benefit from it, including your county subdivision users.

[¶ 8] In November of 2002, Mr. Gose sued the City (and its mayor, administrator, and council members) in Federal District Court for the District of Wyoming. In August of 2003, the Federal District Court dismissed the suit. The Federal District Court found that Mr. Gose's claims were not ripe because he had not pursued an inverse condemnation claim in state court.

[¶ 9] Next, Mr. Gose filed suit, in state district court, to establish that the proposed subdivision's access road was in fact a county road. He was successful in this effort, and the district court entered a decree on June 16, 2006. On August 1, 2006, the County Commissioners conducted a hearing on the proposed subdivision. According to the Goses' brief, the County Commissioners approved the proposed subdivision the next day.

[¶ 10] However, the City again did not approve the proposed subdivision. In a letter to the Converse County Commissioners, the City Administrator indicated that the City "stands by its existing city subdivision standards, which require that streets within the city limits be developed to city standards." The letter also indicated "the City would still be willing to enter into a Deferred Development Agreement with Mr. Gose." The matter next proceeded to this litigation.

[¶ 11] On March 8, 2007, the Goses submitted a letter to the City in which they claimed damages of $456,000. This notice of claim was notarized and signed under penalty of perjury. On April 20, 2007, the Goses filed this suit seeking damages and other relief. First, the Goses alleged the City was depriving them of the beneficial use of their land. The Goses cited Wyoming's inverse condemnation statute, Wyo. Stat. Ann. § 1–26–516 (LexisNexis 2007).[2] Second, the Goses requested the district court order the City to approve the proposed subdivision and refrain from requiring them to improve the access road (i.e., pave, sidewalk, curb and gutter). The City filed a motion to dismiss.

[¶ 12] On September 17, 2007, the district court entered its "Order Granting Motion to Dismiss with Prejudice." The district court dismissed the inverse condemnation claim for two reasons. First, the judge found that the

---

1. Although the Clearfield East Subdivision plat has been vacated, it does not appear that the Clearfield East annexation has been de-annexed. *See* Wyo. Stat. Ann. § 15–1–421 (LexisNexis 2007).

2. Wyo. Stat. Ann. § 1–26–516. Action for inverse condemnation.

  When a person possessing the power of condemnation takes possession of or damages land in which he has no interest, or substantially diminishes the use or value of land, due to activities on adjoining land without the authorization of the owner of the land or before filing an action of condemnation, the owner of the land may file an action in district court seeking damages for the taking or damage and shall be granted litigation expenses if damages are awarded to the owner.

Goses' complaint was jurisdictionally deficient because it did not allege compliance with the constitutional signature requirements for a notice of claim. *Beaulieu v. Florquist,* 2004 WY 31, ¶¶ 14–15, 86 P.3d 863, 868–69 (Wyo.2004). Second, the judge ruled that the Goses' claims were untimely. The judge found that the notice of claim was not filed "within two (2) years of the date of the alleged act, error or omission." Wyo. Stat. Ann. § 1–39–113(a) (LexisNexis 2007). The judge found that the "act, error or omission" giving rise to the Goses' claim was "the denial of his subdivision application in 2002." The judge rejected Goses' argument that their claim did not accrue until the County approved the subdivision in August of 2006.

[¶ 13] With respect to the Goses' request that the City be required to approve the subdivision, the judge ruled that the Goses were seeking mandamus relief. The judge found that mandamus relief was not proper because the City had no clear legal obligation to approve the subdivision. This timely appeal followed.

## DISCUSSION

### A. Notice of governmental claim

[¶ 14] The Goses contend that, contrary to the district court's decision, their complaint adequately alleged compliance with the Constitution's signature requirements. The Goses also submit that their notice of claim met the constitutional signature requirements.

[¶ 15] There is little question that the Goses' claim for inverse condemnation is subject to the time limits for filing claims set forth in the Wyoming Governmental Claims Act, as well as the requirements of Wyo. Const. art. 16, § 7. *Waid v. State ex rel. Dept. of Transp.,* 996 P.2d 18, 24–25 (Wyo. 2000) ("[The parties] agree that the time limits for filing claims set forth in the Wyoming Governmental Claims Act, Wyo. Stat. Ann. §§ 1–39–101 through 1–39–120, apply to

a claim against the State for inverse condemnation. . . . [W]e agree with the parties that the time limits articulated in Wyo. Stat. Ann. § 1–39–113 apply.").

[¶ 16] Likewise, there is little question that the Goses' notice of claim met the constitutional signature requirements. The claim was signed and witnessed before a notary public, under penalty of perjury. *Cantrell v. Sweetwater County School Dist. No. 2,* 2006 WY 57, ¶ 11, 133 P.3d 983, 987 (Wyo.2006) ("We conclude that, if a governmental claim is supported only by certificate, that certificate must be accompanied by the words 'under penalty of perjury,' but that a claim may be supported by verified affidavit without inclusion of those words.").

[¶ 17] However, the question here is not whether the Goses' notice of claim complied with the requirements of Wyo. Const. art. 16, § 7. Rather, the question is whether the Goses' complaint adequately alleged compliance with requirements of Wyo. Const. art. 16, § 7.[3] We established the latter requirement in *Beaulieu v. Florquist,* 2004 WY 31, ¶¶ 14–15, 86 P.3d 863, 868–69 (Wyo.2004) (*Beaulieu II*) (some citations omitted), where we wrote:

The rule that the timely filing of a proper claim with the governmental entity is a condition precedent to suit is a judicially created rule. Heretofore, we have limited the application of that rule, when determining the presence or absence of subject matter jurisdiction, to the statutory requirements; that is, we have required only that the complaint allege the filing of the claim and the date of such filing. We now hold, however, that the complaint must also allege compliance with the signature and certification requirements of the state constitution. No proper claim has been filed if it does not meet those constitutional requirements, so the district court does not obtain subject matter jurisdiction until those constitutional requirements are met.

---

**3.** Wyo. Const. art. 16 § 7. Payments of public money.

No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.

That, in effect, was the essence of the holding in *Beaulieu I*.

It is important to distinguish between the constitutional signature and certification requirements and the judicially created condition precedent requirement. While we recognized as long ago as *Utah Const. Co.* [v. *State Highway Com'n*, 45 Wyo. 403, 19 P.2d 951 (1933) ] that governmental claims must meet the constitutional requirements, we have not heretofore required that complaints allege such compliance. It is our intention clearly to do so now. Inasmuch as the courts do not have subject matter jurisdiction over a governmental claim that has not met the constitutional requirements, it shall henceforth be incumbent upon the plaintiff in such a case to allege in his or her complaint not only compliance with statutory filing requirements, but compliance with constitutional signature and certification requirements. This rule shall apply to all complaints filed after the date of publication of this opinion.

The allegation requirement established in *Beaulieu II* applies to the Gose's complaint because that complaint was filed over three years after *Beaulieu II* was published.

■ [¶ 18] In their complaint, the Goses alleged that

[d]emand pursuant to Wyoming Statute Section 1–39–113 was delivered lawfully to the City of Douglas, Wyoming by the original letter attached as Exhibit "4" which is dated March 8, 2007, it having been delivered to the City of Douglas, Wyoming.

The Goses contend that the complaint's reference to their valid notice of claim is tantamount to making the allegation in the complaint. We disagree. *Beaulieu II* was clear that the complaint itself must include an allegation that the constitutional signature and certification requirements have been met. The Goses' complaint includes no reference to the constitutional requirements, nor does it include an indication that the constitutional requirements were met. Moreover, the notice of claim itself does not include any reference to compliance with the constitutional requirements. We agree with the district court that the Goses' complaint failed to meet the requirements of *Beaulieu II* because the complaint did not allege compliance with the constitutional signature and certification requirements.

■ [¶ 19] That should have ended the district court's discussion on the inverse condemnation claim. However, the district court went on to rule that the Goses' notice of claim was not timely. *See* Wyo. Stat. Ann. § 1–39–113 (LexisNexis 2007).[4] While it is tempting to address whether the Goses' notice of claim was timely, judicial restraint counsels us to leave that issue for another day. Because the Goses' complaint did not allege compliance with the constitutional signature requirements, the district court never acquired jurisdiction over the inverse condemnation claim. Thus, the district court did not have jurisdiction to determine whether the Goses' notice of claim was timely. Once the district court determined the complaint did not meet the requirements established in *Beaulieu II*, its jurisdiction was at an end.

4. Wyo. Stat. Ann. § 1–39–113. Claims procedure.

(a) No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(i) Not reasonably discoverable within a two (2) year period; or

(ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

(b) The claim shall state:

(i) The time, place and circumstances of the alleged loss or injury including the name of the public employee involved, if known;

(ii) The name, address and residence of the claimant and his representative or attorney, if any; and

(iii) The amount of compensation or other relief demanded.

(c) All claims against the state shall be presented to the general services division of the department of administration and information. Claims against any other governmental entity shall be filed at the business office of that entity. In the case of claims against local governments the claim submitted need not be acted upon by the entity prior to suit.

It should not have addressed, and we will not address, whether the notice of claim was timely.

[¶ 20] The next question is whether dismissal with prejudice was proper. Prior to *Beaulieu II*, this Court held that, when a governmental entity is sued for money damages, the complaint must allege the filing of a claim that complies with the Wyoming Governmental Claims Act. In that context, this Court has written:

> Our rule states we can consider the question of jurisdiction upon our own motion and that it is never waived. *Board of Trustees of the University of Wyoming v. Bell*, 662 P.2d 410 (Wyo.1983), and cases cited therein. We said in Bell:
>
> > [W]e hold that the failure to file a claim under that statute [Wyo. Stat. § 1–39–113] results in a district court having no jurisdiction over an action which is brought if the complaint fails to allege the filing of the claim pursuant to statute.
>
> *Bell*, 662 P.2d at 415 (emphasis added). In this instance, Amrein alleged the filing of the claim, but we expand upon the rule articulated in *Bell* and now hold that, in order to invoke the jurisdiction of the district court, such an allegation must encompass a statement of the date the claim was filed to demonstrate the filing of the claim within two years of the date of the "alleged act, error or omission" or, alternatively, the statutory ground for the late discovery of the "alleged act, error or omission." Since Amrein failed to make this allegation, the complaint was subject to dismissal for failure to allege the jurisdiction of the court with specificity. We recognize dismissal is within the discretion of the trial court, and it **would generally be appropriate to enter that dismissal without prejudice.**

*Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 771 (Wyo.1993) (emphasis added).

[¶ 21] We conclude that dismissal without prejudice was appropriate in this case also. According to the Goses' complaint, their notice of claim was dated March 8, 2007. The Goses filed their complaint on April 20, 2007, well within the one-year statute of limitations found in Wyo. Stat. Ann. § 1–39–114 (LexisNexis 2007).[5] The dismissal order was entered on September 17, 2007. Thus, at the time the case was dismissed, the Goses remained within the one year statute of limitations. Under these circumstances, we find that the dismissal should have been without prejudice. *See Peters v. West Park Hosp.*, 2003 WY 117, ¶ 15, 76 P.3d 821, 824 (Wyo.2003). We will remand for entry of an order dismissing, without prejudice, the inverse condemnation claim. The dismissal order should establish for the Goses a reasonable time within which to file a new complaint.

### B. *Mandamus*

[¶ 22] In the Goses' second cause of action in their complaint, they prayed for an order requiring the City of Douglas to "approve the Cheyenne Subdivision" and requiring the City to "cease and desist from violating the law by imposing the preconditioned necessity of Plaintiff agreeing to improve the roadway of County Road No. 56 to the paving, sidewalking, curbing, and guttering of this roadway to the specifications of the city of Douglas before approving the Cheyenne Subdivision." The district court determined that this cause of action was a request for mandamus relief. The Goses do not dispute that determination. Therefore, we will also treat the request as one seeking mandamus relief.

[¶ 23] The law governing mandamus is clear:

> The function of mandamus is to command the performance of a ministerial duty that is plainly defined and required by law. "Mandamus will not lie unless the duty itself is absolute and incontrovertible,

5. Wyo. Stat. Ann. § 1–39–114. Statute of limitations.

Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for

torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1–39–113....

**1166**

or clear, certain, and indisputable." *State ex rel. Epp v. Mayor*, 894 P.2d 590, 595 (Wyo.1995). If the lower tribunal has the right to exercise discretion regarding an issue, mandamus is not an appropriate remedy. *State ex rel. Feeney v. District Court of Seventh Judicial Dist.*, 614 P.2d 710, 711 n. 1 (Wyo.1980). A public official's duty is ministerial when "it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts." Blacks Law Dictionary 996 (6th ed. 1990). Interpretation of a statutory duty in the context of mandamus is a question of law, reviewed *de novo*, following the general rules of statutory construction. *Basin Elec. Power Co-op. v. Bowen*, 979 P.2d 503, 506 (Wyo. 1999).

*Board of County Comm'rs, Sublette County v. State Bd. of Equalization*, 2001 WY 91, ¶ 10, 33 P.3d 107, 111 (Wyo.2001).

[¶ 24] Thus, the question is whether the City had an absolute or incontrovertible duty to approve the Goses' proposed subdivision. It is clear that the City had the authority to approve or disapprove the proposed subdivision because that subdivision is within one mile of city limits. Such approval is contemplated by Wyo. Stat. Ann. § 34–12–103 (LexisNexis 2007).[6] *See also* Wyo. Stat. Ann. § 15–1–411 (LexisNexis 2007).[7]

[¶ 25] The next question is whether the City retains discretion in this regard. In *Prudential Trust Co. v. City of Laramie*, 492 P.2d 971, 973–74 (Wyo.1972), we addressed a city's role in approving a proposed subdivision:

> [T]he question we need to decide is how much discretion does the city have in exercising its right to approve or reject a proffered plat.
>
> When we say, as we have often said, that administrative officers and boards will not be permitted to act in an arbitrary or capricious manner and that courts will restrain such action, we mean the statement to apply to such actions as those of a city council when it deals with the platting of land.
>
> * * * *
>
> Our view is that the right and duty of the city to approve a plat necessarily carries with it the right to set reasonable and just prerequisities and requirements for approval of the plat, and in particular in the area of bringing the plat into conformity with other areas with respect to lots, blocks, streets, and the like.

(footnotes omitted). Based on the foregoing, it is clear that the City of Douglas maintains discretion to approve, or disapprove, the proposed subdivision.

[¶ 26] The Goses do not point to any law establishing that the City had a "ministerial duty that is plainly defined and required by law" to approve the subdivision. This is not surprising, given the statutes and precedent

**6.** Wyo. Stat. Ann. § 34–12–103. Contents of plat; acknowledgment; approval by county commissioners or governing body of cities or towns; filing and recording.

> Every such plat shall contain a statement to the effect that "the above or foregoing subdivision of (here insert a correct description of the land or parcel subdivided) as appears on this plat, is with the free consent, and in accordance with the desires of the undersigned owners and proprietors", which shall be signed by the owners and proprietors, and shall be duly acknowledged before some officer authorized to take the acknowledgement of deeds. The plat shall meet the approval of the board of county commissioners if it is of land situated without the boundaries of any city or town or by the governing body of the city or town if situated within the boundaries of such city or town. When thus executed, acknowledged and approved, said plat shall be filed for record and recorded in the office of the clerk of the

proper county; provided, however, that any such plat of land adjacent to any incorporated city or town, or within one (1) mile of the boundaries of any such city or town, shall be jointly approved by both the board of county commissioners of said county and the governing body of said city or town before same shall be filed and recorded in the office of the county clerk as aforesaid.

**7.** Wyo. Stat. Ann. § 15–1–411. Incorporation of territory within potential urban area.

> All territory within one (1) mile of an incorporated city or town, as it now exists or may hereafter be established, is potentially an urban area. No territory within a potential urban area may be incorporated as a city or town unless the governing body of the city or town causing the potential urbanized area to exist, by resolution, approves the proposed incorporation.

quoted above. Instead, the Goses attack the City's exercise of its discretion and the reasons used to support its exercise of discretion. However, the remedy of mandamus is not so broad as to encompass such matters. While such attacks may be proper for a declaratory judgment action, those attacks are beyond the scope of mandamus. *See Prudential Trust Co.*, 492 P.2d at 972 (declaratory judgment action). The dispositive issue here is that the City maintains discretion to approve or disapprove the subdivision, and the Goses have not established otherwise. Thus, they are not entitled to the limited remedy of mandamus. The district court's denial of mandamus relief is affirmed.

[¶ 27] Given our resolution of the issues, we will not address any other issues raised by the Goses. With respect to the Goses' fourth issue, we will only say that we agree with the district court that "a motion to dismiss is based upon legal grounds, which is the exclusive province of the Court as opposed to a jury." Moreover, the Goses do not identify precisely what factual issues were necessary for determination of the legal issues addressed in this opinion, and we have found none.

[¶ 28] This case is remanded to the district court for proceedings consistent with this opinion.