FILED
United States Court of Appeals
Tenth Circuit

December 23, 2010

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ELLEN GARMAN, guardian and next
friend of APRYL GARMAN,

      Plaintiff - Appellant,

v.

CAMPBELL COUNTY SCHOOL
DISTRICT NO. 1, STATE OF
WYOMING; CHRIS MILLIRON,

      Defendants - Appellees.

No. 08-8101

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 1:07-CV-00237-WFD)**

Submitted on the briefs:[*]

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

**O'BRIEN**, Circuit Judge.

      In 1978, the Wyoming Supreme Court abrogated sovereign immunity for counties,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

municipal corporations, school districts, and other subdivisions of the government. *Oroz v. Bd. of Cnty. Comm'rs of Cnty. of Carbon*, 575 P.2d 1155, 1158 (Wyo. 1978). In response, the Wyoming legislature enacted the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. §§ 1-39-101 to 121, which became effective on July 1, 1979. *See Scott v. Sch. Dist. No. 6*, 815 F. Supp. 424, 426 (D. Wyo. 1993). "The legislature chose a 'close-ended' statutory scheme, which reasserts governmental immunity but waives the immunity for certain enumerated exceptions." *Id.* (quotations omitted). Because the waiver is limited, a person seeking to file suit against a governmental entity must strictly comply with all conditions for bringing such a suit. Among other things, the Wyoming Constitution and the WGCA require the filing of a notice of claim with the appropriate governmental entity, signed by the person asserting the claim, within a specified time period. Not only must these requirements be met, but a claimant must specifically plead compliance with these requirements. Failure to do so is fatal. Suits brought in Wyoming courts are routinely dismissed for want of jurisdiction if a claimant either fails to meet all conditions precedent or fails to plead compliance.

Ellen Garman, as next friend and guardian of Apryl Garman, brought this diversity action in federal court against the Campbell County School District No. 1 ("the School District"), a governmental entity, asserting a state law claim for negligence and negligent supervision. She failed to satisfy the special pleading requirement. The district court dismissed for lack of subject matter jurisdiction, as any Wyoming court would be required to do. *See Beaulieu v. Florquist*, 86 P.3d 863, 866-69 (Wyo. 2004) (holding a plaintiff's complaint must allege compliance with the signature and certification

- 2 -

requirements of the Wyoming Constitution in order to invoke the court's subject matter jurisdiction).

Garman appeals from that dismissal, contending Wyoming's pleading requirements conflict with the Federal Rules of Civil Procedure (specifically Rule 8(a), which requires only notice pleading) and the court erred in applying the Wyoming requirements. But a plaintiff in a federal diversity action is not entitled to preferential treatment. Garman cannot, by choosing the federal forum, circumvent Wyoming law. The district court correctly concluded it could not entertain Garman's suit.

## BACKGROUND

On November 1, 2004, Apryl Garman was injured during a physical education class at Twin Spruce Junior High School in Gillette, Wyoming. On October 6, 2006, Apryl's mother, Ellen Garman ("Garman"), served a Notice of Governmental Claim ("Notice of Claim") on the School District, a governmental entity.

Article 16, § 7 of the Wyoming Constitution states:

> No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political subdivision, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, shall be filed with the officer or officers whose duty it may be to audit the same.

The WGCA states in pertinent part: "No action shall be brought under this act against a governmental entity unless the claim upon which the action is based is presented to the entity as an itemized statement in writing within two (2) years of the date of the alleged act, error or omission . . . ." Wyo. Stat. Ann. § 1-39-113(a). A plaintiff's complaint must

allege compliance with the signature and certification requirements of the Wyoming Constitution in order to invoke the court's subject matter jurisdiction. *Beaulieu*, 86 P.3d at 868-69.[1]  Actions against a governmental entity generally must be commenced within one year of the date of the filing of the governmental claim.  Wyo. Stat. Ann. § 1-39-114.

On October 4, 2007, Garman filed suit against the School District and five fictitious defendants (John Does I-V) in federal district court asserting two counts: negligence and negligent supervision (Count I) and violation of the U.S. Constitution -- due process and equal protection (Count II).  With respect to her state claims, she alleged jurisdiction based on 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship).  She did not specifically allege compliance with the signature and certification requirements of the Wyoming Constitution.  She did, however, reference her Notice of Claim in her complaint[2] and attach a copy of the Notice to her complaint.

On April 18, 2008, Garman filed a motion to amend her complaint to drop Count II (due process and equal protection claims) pursuant to the parties' stipulation and to add two individuals as named defendants.  The court granted Garman's motion as to one of the defendants.  Garman subsequently filed an amended complaint which dropped Count

---

[1] In 2010, the Wyoming legislature codified *Beaulieu* by amending Wyo. Stat. Ann. § 1-39-113.  Section 1-39-113(d)(iii) now provides: "In any action under this act, the complaint shall state . . . [t]hat the claim was in compliance with the signature and certification requirements of article 16, section 7 of the Wyoming Constitution."

[2] She stated in her complaint: "Plaintiff's claim describing the above facts was filed with Defendant Campbell County School District No. 1 on October 6, 2006, a copy of which is attached hereto and incorporated herein by this reference."  (Appellant's Br. at 4.)

II and named the new defendant, Chris Milliron.  Though the only claim remaining was a state law claim for negligence and negligent supervision, the amended complaint asserted jurisdiction based on both 28 U.S.C. §§ 1331 and 1332.[3]  Like the original complaint, the amended complaint did not specifically allege compliance with the signature and certification requirements, but again incorporated the Notice of Claim by reference.  *See supra* n.2.

On April 14, 2008, Defendants filed a motion for summary judgment arguing the merits.  Garman opposed the motion.  On May 5, 2008, Defendants filed a motion to dismiss Garman's complaint for lack of subject matter jurisdiction because of her failure to comply with the signature and certification requirements of Wyoming law.  In opposition, Garman argued: "Paragraph 14 of Plaintiff's Complaint, by its incorporation of Plaintiff's Governmental Claim, satisfies the jurisdictional requirements that are the subjects of Defendant's motion."  (Appellant's App. at 111.)  "Alternatively, if Plaintiff's Complaint does not sufficiently plead compliance with the jurisdictional requirements, this Court should allow the complaint to be amended and to have a retroactive effect in accordance with F.R.C.P. 15(c)."[4]  (*Id.*)  Garman did not, however, seek leave to amend.

---

[3] This was clearly a mistake.  "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States.  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (quotations and citation omitted). Garman's amended complaint did not plead a colorable federal claim, and thus, the court's jurisdiction was based only on § 1332.

[4] Garman also filed a motion to strike Defendants' motion to dismiss arguing it

The court did not address the summary judgment motion. Instead, it dismissed Garman's amended complaint for lack of subject matter jurisdiction. Based on *Gose v. City of Douglas*, 193 P.3d 1159 (Wyo. 2008)[5], it concluded Garman's incorporation of her Notice of Claim by reference did not satisfy Wyoming's pleading requirement. It did not address Garman's suggestion that she be permitted to amend. The dismissal was entered with prejudice because Garman "can no longer comply with the necessary filing deadlines of the Wyoming Governmental Claims Act . . . ." (Appellant's App. at 163.)

was really based on failure to state a claim (Fed. R. Civ. P. 12(b)(6)) rather than lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)), and was filed beyond the time set by the court for dispositive motions. The court did not address this motion, but, based on its dismissal of Garman's complaint for lack of jurisdiction, presumably concluded it lacked merit.

[5] In *Beaulieu*, the Wyoming Supreme Court affirmed the grant of summary judgment to the defendant governmental entity because the plaintiffs failed to comply with the signature and certification requirements of the Wyoming Constitution. 86 P.3d at 866. The court had previously held the constitutional requirements, unlike the requirements set forth in the WGCA, were not jurisdictional. *See Martinez v. City of Cheyenne*, 791 P.2d 949, 958 (Wyo. 1990). The *Beaulieu* court held *Martinez* "was wrongly decided and . . . must be overruled." 86 P.3d at 868. The court made clear that a plaintiff must both satisfy the constitutional conditions precedent and plead compliance:

> Inasmuch as the courts do not have subject matter jurisdiction over a governmental claim that has not met the constitutional requirements, it shall henceforth be incumbent upon the plaintiff in such a case to allege in his or her complaint not only compliance with statutory filing requirements, but compliance with constitutional signature and certification requirements.

*Id.* at 868-69. Subsequently, in *Gose*, the court affirmed the dismissal of the plaintiffs' complaint for failure to comply with the constitutional requirements where the plaintiffs did not allege compliance but (as Garman did here) attached a copy of their notice of claim to the complaint. 193 P.3d at 1164. The court rejected the plaintiffs' argument that "the complaint's reference to their valid notice of claim is tantamount to making the allegation in the complaint." *Id.* *Gose* was decided after the dispositive motion in this case was filed but the parties briefed it as supplemental authority before the district court entered its decision relying on the case. In any event, *Gose* does not represent a change in the law.

- 6 -

**DISCUSSION**

Garman contends the court erred in dismissing because her complaint complied with federal law, specifically Rule 8(a) of the Federal Rules of Civil Procedure, and the Federal Rules govern in diversity cases.  She argues, in the alternative, the court erred in dismissing her complaint with, instead of without, prejudice.  Finally, she claims the court erred in not allowing her to amend her complaint to satisfy the signature and certification requirements of Wyoming law.  Garman claims an amended complaint, should she have been allowed to amend, would have related back to the original filing date pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction.  *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 952 (2009).  As the party invoking the court's jurisdiction, Garman has the burden of proof.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

A.  The District Court Did Not Err in Applying Wyoming Law

We first address whether the district court erred in dismissing Garman's complaint for lack of jurisdiction.  Garman argues federal procedural law governs because the court is exercising diversity jurisdiction and Wyoming's pleading requirement under the WGCA is incompatible with Federal Rule of Civil Procedure 8(a)(1).

The Supreme Court, in *Shady Grove Orthopedic Associates v. Allstate Insurance Company*, 130 S. Ct. 1431 (2010), recently clarified the analysis for determining whether

- 7 -

a federal rule or state law governs.[6]

> The court must first determine whether the scope of the federal rule is sufficiently broad to control the issue before the court, thereby leaving no room for operation of seemingly conflicting state law. If the federal rule does not apply or can operate alongside the state rule, then there is no Act of Congress governing that particular question, and the court must engage in the traditional Rules of Decision Act inquiry under *Erie* and its progeny. . . . If, on the other hand, the federal rule is sufficiently broad to control the issue before the Court such that there is a direct collision, the court must decide whether application of the federal rule represents a valid exercise of the rulemaking authority bestowed on this Court by the Rules Enabling Act. That Act requires, *inter alia*, that federal rules not abridge, enlarge or modify *any* substantive right.

*Shady Grove*, 130 S. Ct. at 1451 (Stevens, J., concurring) (citations and quotations omitted).

Rule 8(a)(1) directly addresses the requirements for sufficient pleading of jurisdiction under the notice-pleading standards, requiring only "a short and plain statement of the grounds for the court's jurisdiction." The rule is broad enough to control the area addressed by Wyoming's pleading requirements so we must determine whether it "can operate alongside the state rule" under *Shady Grove*.

Federal courts permit amendment of complaints to cure defects in pleading jurisdiction, finding that to do otherwise would "equate imperfect allegations of

---

[6] The *Shady Grove* Court was divided, with Justice Scalia delivering a plurality opinion and Justice Stevens concurring in the result but analyzing the question on narrower grounds than those relied on by the plurality. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (quotations omitted). Consequently, we look to Justice Stevens' concurrence for guidance on this issue.

jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968). Under the federal rule, subject matter jurisdiction would not be affected by a failure to specifically plead compliance with the Wyoming constitutional requirements.

Wyoming law is more demanding. In *Beaulieu*, the Wyoming Supreme Court held a plaintiff asserting jurisdiction under the WGCA must "allege in his or her complaint not only compliance with the statutory filing requirements, but compliance with constitutional signature and certification requirements." 86 P.3d at 868-69. Once a Wyoming court determines a complaint does not meet those requirements, "its jurisdiction [is] at an end." *Gose*, 193 P.3d at 1164. Applying Wyoming law, federal courts like state courts, would lack jurisdiction over this claim because of the failure to plead compliance; they would be required to dismiss it. The two rules are in direct, irreconcilable conflict.

We turn then to the Rules Enabling Act to determine whether application of Rule 8(a)(1) in these circumstances would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b); *see Shady Grove*, 130 S. Ct. at 1449 (Stevens, J., concurring).

> It is important to observe that the balance Congress has struck turns, in part, on the nature of the state law that is being displaced by a federal rule. . . . [T]he application of that balance does not necessarily turn on whether the state law at issue takes the *form* of what is traditionally described as substantive or procedural. Rather, it turns on whether the state law actually is part of a State's framework of substantive rights or remedies.

*Shady Grove*, 130 S. Ct. at 1449 (Stevens, J., concurring).

The Wyoming rule in question was, at the time this case was filed, a judicially created condition precedent for a properly brought claim under the WGCA. *Beaulieu*, 86 P.3d at 868. But that matters not. "[W]hether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In any event, the Wyoming Legislature has since codified the requirement in Wyo. Stat. Ann. § 1-39-113(d)(iii). The WGCA is the only vehicle through which a claimant may escape the bar of sovereign immunity in Wyoming. "[A]ny action against the State must be authorized by the legislature and . . . courts are without jurisdiction in any case that has not been so authorized." *Martinez*, 791 P.2d at 957, *overruled on other grounds by Beaulieu*, 86 P.3d at 868. The *Beaulieu* court reasoned:

> It never has been questioned that a claim against the State must comply with the requirements of Wyo. Const. art. 16, § 7. A logical inference from that statement is that, just as in the case of a plaintiff's failure to allege his claim's compliance with statutory requirements, failure to allege his claim's compliance with constitutional requirements results in a lack of subject matter jurisdiction.

86 P.3d at 867 (quotations omitted). Where a plaintiff's complaint fails to allege the requisite constitutional compliance, "the district court never acquire[s] subject matter jurisdiction over the action." *Motley v. Platte County*, 220 P.3d 518, 520 (Wyo. 2009); *see also Uptown Café, Inc. v. Town of Greybull*, 231 P.3d 257, 257 (Wyo. 2010) (same); *McCann v. City of Cody*, 210 P.3d 1078, 1082 (Wyo. 2009) (same). This is true even where the complaint sufficiently alleges the plaintiff complied with the statutory

- 10 -

requirements for filing a claim against a governmental entity. *Uptown Café, Inc.*, 231

P.3d at 258.[7] The requirement for pleading constitutional compliance is a necessary

condition before sovereign immunity is abrogated under the WGCA as interpreted by the

Wyoming Supreme Court. The rule is part of the substantive law of Wyoming.

This case, like *Shady Grove*, "turns on whether the state law actually is part of a

State's framework of substantive rights or remedies." *Shady Grove*, 130 S. Ct. at 1449

(Stevens, J., concurring). Permitting the federal rules to trump substantive Wyoming law

would "abridge, enlarge, or modify" the litigants' rights in violation of the Rules

Enabling Act. Justice Stevens' concurrence in *Shady Grove* is critical to our decision as

he concurred in the judgment only because he concluded the rule at issue was not part of

substantive state law. *Id.* at 1459-60. Because we reach the opposite conclusion here, we

likewise reach the opposite result. The district court did not err in holding it lacked

subject matter jurisdiction over the complaint because Garman failed to bring a proper

claim under the WGCA.

B. The District Court Did Not Err in Entering the Dismissal With Prejudice

Garman claims the court erred by dismissing her complaint with, instead of

without, prejudice. She relies principally on *Gose*. There, the Wyoming Supreme Court

---

[7] In *Uptown Café*, the Wyoming Supreme Court concluded the district court lacked jurisdiction over the plaintiff's complaint because it did not allege compliance with the signature and certification requirements of the Wyoming Constitution. 231 P.3d at 257. The court summarily dismissed the appeal because there was no order invoking its jurisdiction. *Id.* at 258. The two dissenting justices argued the district court did not lack subject matter jurisdiction because the complaint sufficiently alleged compliance with the conditions precedent. *Id.* at 258 (Kite, J., dissenting).

affirmed the dismissal of the plaintiffs' complaint for failure to allege compliance with Wyoming's certification and signature requirements, but held the dismissal should have been without, instead of with, prejudice. *Gose*, 193 P.3d at 1160-61. The court explained the dismissal should have been without prejudice because "at the time the case was dismissed, the [plaintiffs] remained within the one year statute of limitations" set forth at Wyo. Stat. Ann. § 1-39-114, which requires actions against a governmental entity to be commenced within one year of the date of the filing of the governmental claim. *Id.* at 1165. Garman, however, was not within the one-year statute of limitations at the time her complaint was dismissed. She filed her Notice of Claim on October 6, 2006, and thus had until October 5, 2007, to commence her suit. The district court dismissed her complaint on November 12, 2008, well after the statute of limitations had run. The reasoning in *Gose* does not apply here.

Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect. After curing the defects prompting the dismissal, a plaintiff may refile her claims. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006); Moore's Federal Practice Civil § 12.51 (2010). However, even if the district court erred, its error was harmless. The Wyoming statute of limitations had run at the time the court dismissed Garman's complaint. Failure to timely file is fatal under Wyoming law and courts do "not have subject matter jurisdiction to adjudicate governmental claim cases where the action was not timely filed. . . . If not commenced within one year, such actions are 'forever barred.'" *Lankford v. City of Laramie*, 100 P.3d 1238, 1244 (Wyo. 2004) (citation and quotations omitted). Thus, even if the

dismissal had been without prejudice, Garman's claim would be barred in either state or federal court.

## C. The District Court Did Not Err in Denying Leave to Amend

Finally, Garman argues the statutory time bar does not apply to her because the district court erred in denying her leave to amend her complaint to comply with the Wyoming signature and certification requirements. She claims her amended complaint would have been timely under Wyoming law because it would have related back to the original filing date pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.[8] Defendants argue the court did not err because "although Garman suggested . . . that she may be able to correct the deficiency through a second amended complaint, no such motion was ever filed or put before the Court." (Appellees' Br. at 28.) We agree with Defendants.[9]

Amendments of pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, which states in pertinent part: "[A] party may amend its pleading only with

---

[8]The Wyoming Supreme Court has not decided this issue. But, according to the parties, it will consider the issue in *Fremont County Sheriff's Department v. Strom*, S-09-0244. Because Garman only suggested she should be permitted to amend, the district court did not abuse its discretion in denying relief not properly sought. *See* discussion, *infra*. Accordingly, we need not decide the issue or await the *Strom* decision.

[9] Defendants also contend the court correctly denied leave to amend because amendment would be futile. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010) (stating a district court does not abuse its discretion in denying leave to amend where amendment would be futile). They argue Garman's Notice of Claim did not satisfy the requirements of Wyoming law because "[i]t did not include an itemized statement of damages and was not served . . . on the officer whose duty it is to audit such claims." (Appellees' Br. at 28.) We need not consider this issue.

the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 7(b)(1)(A) of the Federal Rules of Civil Procedure, "[a] request for a court order must be made by motion" which is "in writing unless made during hearing or trial."

Garman did not file a written motion for leave to amend; instead, in her opposition to the motion to dismiss, she merely suggested she should be allowed to amend if the court concluded her pleadings were infirm. This is insufficient. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989) (affirming dismissal of plaintiffs' complaint for failure to state a claim and rejecting plaintiffs' argument the court erred by not addressing their request to amend where plaintiffs included such request only as an alternative form of relief in their opposition to defendants' motion); *see also Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (applying *Glenn* and holding the district court did not abuse its discretion in failing to address plaintiff's request for leave to cure deficiencies in her pleadings "[b]ecause a motion for leave to amend was never properly before it").

Having determined it lacked subject matter jurisdiction, the court correctly dismissed Garman's complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**AFFIRMED.**