**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM MARTIN; SHELLEY
MARTIN,

      Plaintiffs-Appellants,

v.

STAN HILKEY, as Sheriff of Mesa
County; TIM HENDERSON,

      Defendants-Appellees.

No. 11-1148
(D.C. No. 1:09-CV-02574-MSK-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

William and Shelley Martin appeal from a district court order dismissing

their 42 U.S.C. § 1983 counseled civil-rights complaint against Sheriff Stan

Hilkey and Deputy Tim Henderson of the Mesa County, Colorado, Sheriff's

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Department.  We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM for substantially the same reasons given by the district court.

## BACKGROUND

In 1991, Mr. Martin was convicted in Colorado state court of felony vehicular assault.  In 2007, Deputy Henderson learned of Mr. Martin's conviction and discovered that he had over 100 firearms in his residence.  Citing Colorado's law prohibiting felons from possessing firearms, Colo. Rev. Stat. § 18-12-108(1),[1] Deputy Henderson prepared an affidavit to obtain a no-knock search warrant.  A warrant was issued and executed.

According to the Martins' first amended complaint, "members of the Sheriff's Department and [the Bureau of Alcohol, Tobacco, and Firearms] held [them] at gunpoint for nearly eight hours as they rummaged through the home," seizing over a hundred firearms.  Aplee. Supp. App. at 3.  Throughout that

---

[1]    Under the statute,

> [a] person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses, uses, or carries upon his or her person a firearm as described in section 18-1-901(3)(h) or any other weapon that is subject to the provisions of this article subsequent to the person's conviction for a felony, or subsequent to the person's conviction for attempt or conspiracy to commit a felony, under Colorado or any other state's law or under federal law.

Colo. Rev. Stat. § 18-12-108(1).

process, Mrs. Martin "was kept outside at gunpoint for approximately forty-five minutes dressed only in her nightgown," and "one of the officers threatened to shoot the family pet." *Id*. at 6. The Martins further alleged that Deputy Henderson had "no basis to believe that [Mr. Martin] was in violation of C.R.S. § 18-12-108(1), as his rights to own and possess the firearms had been restored once he completed his sentence." *Id.* at 4. Additionally, they claimed that "[e]ven after it had been made clear to Defendants that [Mr. Martin's] constitutional rights to possess the firearms had been restored[,] . . . Defendants refused to return the firearms." *Id.* at 4-5. Based on these allegations, the Martins asserted violations of their federal "constitutional rights under the Second, Fourth, Fifth, and Eighth Amendments." *Id.* at 6.

The district court dismissed the amended complaint in its entirety. As to Deputy Henderson, the court concluded that he was entitled to qualified immunity because his affidavit statement that Mr. Martin could not legally possess a firearm was not contrary to clearly established Colorado law. Indeed, the court noted that when Deputy Henderson drafted the affidavit in 2007, § 18-12-108(1) absolutely and permanently banned felons from possessing firearms. The court recognized that before 1994, the statute banned possession only in cases of felonies "involving the use of force or violence" and only for ten years following release from incarceration. Colo. Rev. Stat. § 18-12-108(1) (1993), *repealed and re-enacted by* Colo. S.B. 94-89 § 6 (effective July 1, 1994). But the Martins

-3-

failed to identify any legal authority that would have suggested to Deputy Henderson that Mr. Martin was exempt from the current version of the statute. Thus, qualified immunity applied.

The court further noted that there were no allegations that Deputy Henderson personally participated in any of the other claimed constitutional violations. Regarding Sheriff Hilkey, the court noted that there were no allegations showing either the sheriff's personal involvement or a departmental custom or policy that led to a constitutional violation.

The Martins appeal.

## DISCUSSION

We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). When the dismissal is based on qualified immunity, the "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Okla.*, 519 F.3d 1242, 1249 (10th Cir. 2008).

The Martins argue that *United States v. Hall*, 20 F.3d 1066 (10th Cir. 1994), would have put Deputy Henderson on notice that he was not barred by Colo. Rev. Stat. § 18-12-108(1) from possessing firearms. But *Hall* did not involve the current version of that statute. Indeed, *Hall* was decided before the statute was amended to make the firearms ban absolute and permanent. Thus, *Hall* would have given Deputy Henderson no guidance as to whether the current statute covers Mr. Martin's possession of firearms. We agree with the district court that when Deputy Henderson submitted his search-warrant affidavit, the law was not clearly established that Mr. Martin was exempt from Colorado's current felon-in-possession-of-a-firearm statute.[2]

---

[2]  The defendants point out that roughly five months before the Martins filed their civil-rights suit, the Colorado Court of Appeals affirmed a trial court's decision denying the Martins' "motion for return of property and suppression of evidence." Aplt. App. at 51. In doing so, the Colorado Court of Appeals held that the restoration of Mr. Martin's civil rights under the former version of Colo. Rev. Stat. § 18-12-108(1) did not survive the statute's 1994 amendment. The court further rejected the Martins' claim that the 1994 amendment raised ex-post-facto concerns. *Martin v. Colo.*, No. 08CA1363 (Colo. App. Ct. June 11, 2009), *cert. denied*, No. 2009SC630 (Colo. Oct. 19, 2009). *See* Aplt. App. at 50-55.

It is unclear whether the defendants contend that the Colorado Court of Appeals' decision collaterally estops the Martins in this federal civil rights case from contesting the effect of amended § 18-12-108(1). *See Allen v. McCurry*, 449 U.S. 90, 104 (1980) (holding that a federal civil rights plaintiff may be collaterally estopped from litigating a § 1983 claim by a state court criminal judgment in which the same issue has already been litigated). In any event, we need not reach the preclusion issue given the Martins' failure to identify clearly established law in their favor.

The Martins next argue that Deputy Henderson violated their Fourth Amendment rights by seeking a no-knock warrant. The district court did not expressly discuss the warrant-procurement aspect of the Martins' Fourth Amendment claim. Nevertheless, we note that the Martins' first amended complaint does not adequately plead such a claim. It merely alleges in conclusory fashion that "[t]he procurement and execution of the no-knock search warrant on November 15, 2007, violated Plaintiffs' constitutional rights." Aplee. Supp. App. at 3. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Finally, the Martins summarily assert that "it was an abuse of discretion by the District Court not to allow [Mr. Martin] to amend his pleadings to correct deficiencies found by the District Court." Aplt. Br. at 9. This assertion fails for two reasons. First, we generally do not consider arguments unsupported by legal authority or discussion. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992). Second, the Martins made no formal request for amendment. Rather, they merely stated in the middle of their opposition to dismissal that "in the event . . . this Court finds that Plaintiffs' Complaint is somehow deficient, Plaintiffs' [sic] would simply ask for leave to file an amended complaint which cures any deficiencies." Aplee. Supp. App. at 39. Because a motion for leave to amend was never properly before the district court, no abuse of discretion was possible. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187

(10th Cir. 1999) (concluding that the plaintiff's "single sentence [request for amendment], lacking a statement for the grounds for amendment and dangling at the end of her memorandum, did not rise to the level of a motion for leave to amend"); *see, e.g.*, *Garmen v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) (concluding that plaintiff's suggestion for amendment made in opposition to dismissal was insufficient).

## CONCLUSION

The judgment of the district court is AFFIRMED for substantially the same reasons identified by the district court in its March 10, 2011, dismissal order.

Entered for the Court

Monroe G. McKay
Circuit Judge