**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL W. BRUZGA; CAROLE A.
ZOLNICK,

     Plaintiffs - Appellants,

v.

COUNTY OF BOULDER, acting by and
through the Board of County
Commissioners; DEB GARDNER, in her
official capacity as a Boulder County
Commissioner; CINDY DOMENICO, in
her official capacity as a Boulder County
Commissioner; ELISE JONES, in her
official capacity as a Boulder County
Commissioner,

     Defendants - Appellees.

No. 19-1133
(D.C. No. 1:18-CV-00594-CMA-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **CARSON**, Circuit Judges.
_____

     Plaintiffs brought this action under 42 U.S.C. § 1983 asserting that defendants

had deprived them of their interest in housing rehabilitation funds without due

_____

    [*]     After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs
without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is
therefore submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

process of law. They also asserted defendants had violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. The district court dismissed plaintiffs' claims with prejudice. It denied their motion to withdraw or dismiss the ADA claim, finding that motion to be moot. Plaintiffs appeal. We affirm, but remand to modify the dismissal of the ADA claim to be without prejudice.

I.

The district court summarized the facts underlying plaintiffs' First Amended Complaint (FAC) as follows:

> In September 2013, Plaintiffs' home was damaged by heavy rainfall and flooding that caused Boulder County to be designated a local and federal disaster area. On December 4, 2014, Plaintiffs were awarded $32,812 in Community Development Block Grant-Disaster Recovery (CDBG-DR) funds for the purpose of repairing the flood-related damage. Based on conversations Plaintiffs had with personnel involved with the CDBG-DR program, Plaintiffs believed that the remainder of the $100,000 maximum per residence had been reserved for them as well.

> On February 3, 2015, Plaintiff Bruzga signed a Beneficiary Agreement, which provided, *inter alia*, that "Grantee's obligation under this Agreement to provide funds for housing rehabilitation funding is expressly made contingent on [Plaintiff Bruzga's] continued eligibility for and compliance with Grantee's CDBG-DR program."

> However, by letter dated March 11, 2016, the Board of County Commissioners informed Plaintiff Bruzga that the CDBG-DR award had been canceled. The letter indicated that the reason for cancelation was Plaintiff Bruzga's failure to comply with various CDBG-DR program conditions. Specifically, the letter noted that Plaintiff Bruzga had not complied with the Beneficiary Agreement because he allegedly failed to: (1) "[r]emedy any existing Land Use Code and Building Code violations relating to unauthorized work at [Plaintiffs'] home"; (2) "[r]epair . . . any damage or unauthorized work on [Plaintiffs'] home"; and (3) submit a "signed Contractor Addendum and . . . project schedule that would assure the County that [Plaintiffs'] project was making progress toward completion." At that point, the County had made payments to various contractors totaling $6,869.58.

2

Plaintiffs dispute the factual assertions in the termination letter, arguing that the County's revocation of their benefits was wrongful. In the operative First Amended Complaint, Plaintiffs claim that the remainder of the CDBG-DR award, and other funding they discussed with the County, constitutes an entitlement which was deprived by the County without due process of law. Plaintiffs also seek injunctive relief under the [ADA].

R., Vol. II at 218-20 (citations and footnote omitted).

Defendants filed a motion to dismiss the FAC. They argued plaintiffs had failed to state a procedural due process claim because CDBG-DR Home Rehabilitation funds did not constitute a property right protected by the United States Constitution. They further argued that Bruzga lacked standing to assert his ADA claim and that the licensing regulations he challenged did not violate the ADA.[1]

In response plaintiffs argued that their claim was not based solely on a statutory right to CDBG-DR funds but rested on a contractually based property right created by the Beneficiary Agreement and related documents. Defendants replied that plaintiffs had failed to state a claim for deprivation of a contractually based property right because they did not allege that a state-law action for breach of contract would be inadequate to compensate them for the alleged injury.

A magistrate judge assigned to the case recommended that the due-process claim be dismissed because plaintiffs did not have "an individual, vested property

---

[1] Bruzga's ADA claim alleged that under Boulder's land-use rules and practices, homeowners may ordinarily perform work on their own homes even if they are not licensed contractors. As a disabled homeowner Bruzga was incapable of performing such work for himself. But if he hired and supervised laborers to complete work that required a building permit, Boulder would require him to employ only licensed contractors, thus imposing a limitation on his ability to perform repair work that did not restrict non-disabled homeowners.

interest in federal disaster funds that are appropriated like CDBG-DR award and loans," *id.* at 82, and because they failed to cite any case law that supported the asserted contractually based property right. He also determined that plaintiff Bruzga lacked standing to assert his ADA claim and had failed to state a claim for an ADA violation.

In their objections to the magistrate judge's recommendation, plaintiffs clarified that their claim was based on either an express or implied contract with Boulder County. They contended the existence of a state-law contractual remedy did not preclude them from pursuing a separate, contractually based due-process claim based on Boulder County's arbitrary breach of the contract.

Plaintiffs later filed a motion to withdraw or dismiss the ADA claim. They stated that a Boulder County building official had assured them they could undertake certain repair efforts at their house without employing licensed contractors. In view of this representation, they asked the district court to dismiss the ADA claim without prejudice.

The district court adopted the magistrate judge's report and recommendation. But it declined to address whether plaintiffs had a contractually based protected property interest. It reasoned instead that assuming plaintiffs had such an interest, they failed to show that a post-deprivation, state-law action for breach of contract would not provide them with adequate process. Such a state-court action, the district court reasoned, would fully protect the plaintiffs' alleged interest.

4

The district court also adopted the magistrate judge's recommendations concerning the ADA claim, noting plaintiffs' lack of objection to it. It then dismissed all of plaintiffs' claims with prejudice, noting that an amended complaint would also be subject to dismissal for the reasons it had stated.

## II.

We review de novo the district court's order dismissing a complaint for failure to state a claim. *See Sylvia v. Wisler*, 875 F.3d 1307, 1313 (10th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## III.

To state a procedural due process claim under § 1983, a plaintiff must allege both that he had "a protected interest such that the due process protections were applicable" and that he was not "afforded an appropriate level of process." *Merrifield v. Bd. of Cty. Comm'rs*, 654 F.3d 1073, 1078 (10th Cir. 2011) (internal quotation marks omitted). In their opening appeal brief plaintiffs address only the first element: whether they had a protected property interest.[2] They do not challenge the district court's finding that they failed to satisfy the *second* element of their claim: that they were not deprived of an appropriate level of process because they

---

[2] Although plaintiffs make passing references to Boulder County's failure to provide them with a hearing, *see* Aplt. Opening Br. at 8, 14, 15, 17, they do not challenge the district court's conclusion that a state-court breach of contract action would provide them with adequate process.

could pursue a state-law breach-of-contract action. Failure to challenge this finding justifies affirmance of the district court's dismissal. *See Starkey ex rel. A.B. v. Boulder Cty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling."); *see also Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

In their reply brief, plaintiffs present an argument that potentially implicates the second due-process factor. They argue that under *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019), they may pursue their procedural due process claim even if state-court remedies are available. Ordinarily, arguments not raised until a reply brief are waived. *See Starkey*, 569 F.3d at 1259. But *Knick* was decided after plaintiffs filed their opening brief. Assuming this timing provides grounds to consider the argument notwithstanding their silence concerning the state-law breach-of-contract issue in their opening brief, plaintiffs fail to show that *Knick* requires reversal.

In *Knick* the Supreme Court addressed whether a plaintiff who brings a claim under the Takings Clause of the Fifth Amendment must first seek just compensation under state law—potentially depriving him of his federal claim through the application of claim preclusion—before bringing his federal takings claim in federal court. *See Knick*, 139 S. Ct. at 2167. Overruling prior authority, the Supreme Court held "the property owner has suffered a violation of his Fifth Amendment rights

6

when the government takes his property without just compensation, and therefore may bring his claim in federal court under § 1983 at that time." *Id.* at 2168. The Court reasoned that "[t]he Fifth Amendment right to full compensation arises at the time of the taking, regardless of [state] post-taking remedies that may be available to the property owner." *Id.* at 2170.

Plaintiffs fail to show the reasoning in *Knick* affects their procedural due process claim. The right discussed in *Knick* is "the irrevocable right to just compensation immediately upon a taking . . . by which the landowner has *already* suffered a constitutional violation" irrespective of the availability of a subsequent compensation remedy, *id.* at 2172 (internal quotation marks omitted), whereas a procedural due process violation does not occur until or unless the plaintiff has been deprived of adequate process—that is, of "such procedural protections as the particular situation demands," *M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1309 (10th Cir. 2018). Plaintiffs fail to show that *Knick* has undermined the rule that a state breach-of-contract action may provide all the process that is due to redress a contractually based deprivation.

IV.

Plaintiffs also argue the district court should have granted them leave to amend their complaint to present a claim that defendants retaliated against them for the exercise of their First Amendment rights. To establish that they requested this relief in district court, they cite their objection to the magistrate judge's recommendation. *See* R., Vol. II at 113 (stating that if the court were inclined to grant the motion to

7

dismiss, plaintiffs requested the right to amend the FAC, "in order to advance other grounds for this civil rights matter. Those grounds would include violation of Plaintiffs' First Amendment rights.").[3] But they fail to show they followed up with a motion seeking leave to amend the FAC.[4] The mere suggestion that plaintiffs would request leave to amend their complaint was insufficient to invoke the district court's authority to permit an amendment. *See, e.g.*, *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010).

---

[3] Plaintiffs also argue generally that the district court "did not address alternative claims for relief that are plausible under the Amended Complaint." Aplt. Opening Br. at 22. They cite *Barrett v. Tallon*, 30 F.3d 1296 (10th Cir. 1994), presumably relying on our statement in that case that "[a] complaint should not be dismissed under Rule 12(b)(6) merely because plaintiff's allegations do not support the legal theory he intends to proceed on, and certainly not when other theories are apparent on the face of the complaint." *Id.* at 1299 (citation and internal quotation marks omitted). Assuming *Barrett* remains good law under the current standard for evaluating a complaint, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), plaintiffs do not specify a potential claim that should have been apparent from the allegations of their complaint, other than their proposed First Amendment retaliation claim. But that prospective claim did not prevent dismissal under *Barrett*, for several reasons. First, unlike the potential "garden variety" fraud and conversion claims that could have supplanted the deficiently pleaded RICO claim in *Barrett*, 30 F.3d at 1299, plaintiffs' proposed First Amendment retaliation claim would have changed the essential nature of their complaint. Second, our de novo review persuades us that no such claim is facially evident in the FAC. Finally, plaintiffs' statement they would seek *leave to amend* to state such a claim is further evidence that the operative FAC did not already contain such a claim.

[4] A district court should not dismiss for failure to state a claim in pro se cases unless it is obvious the plaintiff cannot prevail on the alleged facts and amendment would be futile. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The district court determined that an amended complaint, at least one containing the same claims, would be subject to dismissal for the reasons it had stated. We also note that although plaintiffs are proceeding pro se, Bruzga is a licensed attorney.

V.

Finally, plaintiffs complain that the district court ruled on their ADA claim without jurisdiction, because the claim had become moot by the time the district court made what they characterize as an "advisory" ruling. Aplt. Opening Br. at 23. Plaintiffs do not object to dismissal of their ADA claim—in fact, they requested it. Their only controversy appears to be with the fact that the district court dismissed the claim by adopting the magistrate judge's recommendation rather than by declining to rule on mootness grounds. But the district court could choose between jurisdictional defects (standing vs. mootness) as a basis for dismissal, without thereby issuing an impermissible, advisory decision. *See Citizen Ctr. v. Gessler*, 770 F.3d 900, 906 (10th Cir. 2014) (addressing mootness before standing, explaining that "[b]ecause there is no mandatory sequencing of nonmerits issues, we have leeway to choose among threshold grounds for denying audience to a case on the merits" (brackets and internal quotation marks omitted)). We discern no error in the dismissal based on lack of standing.

That said, because the dismissal was for lack of standing it should have been without prejudice. We therefore must remand the matter to the district court to modify its judgment accordingly. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 892 (10th Cir. 2011).

VI.

We affirm the district court's judgment dismissing plaintiffs' complaint but remand with instructions to modify its dismissal of the ADA claim from a dismissal

9

with prejudice to a dismissal without prejudice.  We grant plaintiffs' motion to amend (supplement) the record on appeal with district court CM/ECF documents 14-1 and 34-1.  The clerk of court is directed to prepare a supplemental record containing these documents.[5]

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[5]     Although Bruzga is an attorney, in view of plaintiffs' pro se status this court previously determined it would take responsibility for assembling the record on appeal rather than relying on an appendix.