**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HOWARD D. TRAVIS,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 20-1126
(D.C. No. 1:19-CV-01214-RBJ)
(D. Colorado)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Howard D. Travis, proceeding pro se,[1] filed a lawsuit against the United States

arguing he is not subject to the tax laws. The district court dismissed Mr. Travis's

complaint for failure to state a claim. We affirm because the district court lacked

subject matter jurisdiction.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Travis is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.    BACKGROUND

On April 25, 2019, Mr. Travis filed a complaint for declaratory relief against the United States in the District of Colorado. The complaint is confusing, but the centerpiece of Mr. Travis's grievance appears to be that various IRS statutory powers have never been enacted into "positive law." ROA at 13 (emphasis omitted). The upshot is that Mr. Travis claims he was never a "taxpayer" or "person" for purposes of federal tax law. ROA at 15. Consequently, he was never under any obligation to file a Form 1040.

The complaint requests a declaration that all income tax provisions of the Internal Revenue Code are invalid under numerous constitutional guarantees. Moreover, the complaint requests that the IRS and Mr. Travis's past employers be held liable for larceny, presumably for their roles in collecting taxes from his paycheck(s).

The United States moved to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and for lack of proper service. Mr. Travis responded that the district court lacked jurisdiction to consider the motion to dismiss because "[a] court has no jurisdiction to determine its own jurisdiction." ROA at 60 (purporting to quote *Rescue Army v. Mun. Ct. of City of L.A.*, 331 U.S. 549 (1947), although the quoted language does not appear in that opinion).

Initially, the district court denied the motion to dismiss for failure to comply with the district court's practice standards. In response, the United States filed an amended motion to dismiss, substantively identical to its first motion.

2

On March 5, 2020, the district court granted the amended motion to dismiss and dismissed Mr. Travis's complaint *with prejudice*. The district court summarized Mr. Travis's complaint as "a polemic expressing certain views . . . about the United States, citizenship, and the taxation system" consistent with arguments typically advanced by "sovereign citizens." ROA at 87. The district court found it "questionable" whether it had subject matter jurisdiction, but ultimately determined that the complaint failed to state a claim. ROA at 88.

The clerk entered a final judgment in favor of the United States that dismissed Mr. Travis's complaint *without prejudice*. Mr. Travis timely filed a notice of appeal.

## II. DISCUSSION

We affirm because the district court lacked subject matter jurisdiction. We consequently do not reach the merits. "[T]he standard of review is *de novo* whether we treat the appeal as seeking review of a Rule 12(b)(1) or 12(b)(6) dismissal." *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004).

The only conceivable basis for subject matter jurisdiction over Mr. Travis's complaint requires us to liberally construe his complaint as a request for a tax refund.[2] Yet, even liberally construed, Mr. Travis's complaint fails to establish

---

[2] We lack subject matter jurisdiction over Mr. Travis's request for a declaration that all income tax provisions of the Internal Revenue Code are invalid under numerous constitutional guarantees because the Declaratory Judgment Act "prohibits a court from declaring the rights of litigating parties with respect to federal taxes." *Wyoming Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 932–33 (10th Cir. 1996) (interpreting 28 U.S.C. § 2201(a)).

3

subject matter jurisdiction. *See Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) ("The burden of establishing a federal court's subject matter jurisdiction rests upon the party asserting jurisdiction." (internal quotation marks omitted)).

Congress has waived sovereign immunity over tax refund suits in 28 U.S.C. § 1346(a)(1). That statute provides the district courts with jurisdiction over:

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

*Id.*

This waiver is not unlimited, however. Before filing suit, "the taxpayer must comply with the tax refund scheme established in the Code." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). "That scheme provides that a claim for a refund must be filed with the [IRS] before suit can be brought, and establishes strict timeframes for filing such a claim." *Id.*

Mr. Travis's complaint does not allege any of these jurisdictional prerequisites. In fact, the complaint does not reference any specific payment or tax year, let alone an administrative claim. And on appeal, Mr. Travis seems to agree that we lack jurisdiction, arguing that "[t]his [c]ase should be dismissed for [l]ack of [j]urisdiction upon the grounds that neither statutory Notice of Deficiency nor any/all documents requested was received from the IRS." Appellant Br. at 2.

4

"Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). The district court stated that it was dismissing the complaint *with prejudice*, but the clerk entered a judgment dismissing the complaint *without prejudice*. Because the judgment is consistent with our determination that the district court lacked subject matter jurisdiction, we need not remand for entry of amended judgment.

For these reasons, we affirm.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

5