**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ERIC M. MUATHE,

     Plaintiff - Appellant,

v.

FIFTH THIRD BANK; FIFTH THIRD
HOLDINGS FUNDING LLC; FIFTH
THIRD AUTO FUNDING CONDUIT
LLC; LAW OFFICE OF MARK A.
WERNER; THOMPSON COBURN LLP;
CRAWFORD COUNTY SHERIFF;
MARK A. WERNER; DAVID M.
MANGIAN; JEREMY HEJL; BRIAN S.
MATHIOT; GARRETT COMBS;
DANIEL KLATT,

     Defendants - Appellees,

and

PENDLETON AND SUTTON LLC;
FLETCHER AUTO GROUP;
TRANSUNION; EQUIFAX, INC.;
EXPERIAN, PLC; BRANDY L.
SUTTON; LAUREN MANN; ANNE B.
HALL; JENNI HAAK; REGIONAL
ADJUSTMENT BUREAU,

     Defendants.

No. 15-3019
(D.C. No. 2:14-CV-02207-JTM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

(continued)

_____

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
_____

Eric Muathe was none too pleased about the repossession of his Mercedes-Benz. And he wasn't about to let it go without a fight. So after finding himself the defendant in state court for defaulting on his car loan, Mr. Muathe retaliated with a lawsuit of his own. This one he filed in federal court, alleging a RICO conspiracy among the car dealership, bank, credit agencies, debt collectors, and so many others — twenty-two defendants in all. But after reviewing the defendants' motions to dismiss, the district court concluded that Mr. Muathe's complaint failed to state a plausible claim for relief and dismissed his pleading without prejudice under Fed. R. Civ. P. 8(a) and 12(b)(6). So now we have this appeal.

To win reversal of the district court's Rule 8 decision, Mr. Muathe must show that the court abused its discretion in determining that his complaint failed to supply the defendants with a short and plain statement affording fair notice of the claims against them and the relevant facts underlying those claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010). This much we do not believe he

ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

can do.  As the district court observed, Mr. Muathe's complaint spans a "rambling" fifty pages and consists mostly of unadorned legal conclusions, simply accusing the defendants of racketeering and fraud and a good many more crimes besides.  In the few places where the complaint does attempt to marshal facts, we agree with the district court that "it fails to connect them" in any fairly discernible way to the legal claims it alleges or their elements.  While we are cognizant of our duty to view pro se pleadings like this one liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we cannot call the district court's Rule 8 assessment in this case an abuse of discretion.

Neither would our destination differ under Rule 12(b)(6).  Even reviewing the complaint de novo and affording it the most liberal construction the legal deficiencies are pretty plain.  Take a few examples by way of illustration:  the RICO claim (Count I) doesn't allege a single instance of predicate mail or wire fraud; what is, as best we can tell, a malicious-prosecution claim (Count II) fails on its face because the state replevin action on which it is based wasn't resolved in Mr. Muathe's favor; the fraud and negligent-misrepresentation claims (Counts VI and XII) lack any allegations suggesting justifiable reliance; and the service-of-process violation (Count VII) fails on standing, as Mr. Muathe alleges harm only to non-parties.

Assuming his complaint was properly dismissed, Mr. Muathe says the district court at least should have allowed him to amend.  But before the entry of judgment he never filed a motion asking to amend and he never suggested how he might be able to amend his way into plausible, legally adequate claims for relief.  Neither will this court fault a district court for failing to grant a motion for leave to amend that

3

wasn't fairly put to it. *See, e.g.*, *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010) (upholding denial of leave to amend where the party failed to file a motion explaining the bases for any proposed amendment but merely included one line in a brief suggesting the possibility of amendment).

Separately, Mr. Muathe says the district judge should have recused himself due to a remote association with one of the defendants' attorneys. But he presents this challenge for the first time on appeal so we review it only for plain error. *See United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). And it's hard to see anything like that here. Mr. Muathe suggests that the district judge in this case was one of twenty-seven defendants in a *different* civil action and that an attorney for some of the defendants here represented several *other* defendants there — defendants *not* including the judge. But Mr. Muathe cites no authority suggesting that failure to recuse in these circumstances constitutes plain error and we are aware of none. Beyond that, Mr. Muathe raises various additional complaints in his appellate brief but they do not warrant extended discussion here for none might alter the legally dispositive problems we've already noted.

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

4