NOT DESIGNATED FOR PUBLICATION

No. 114,853

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FIFTH THIRD BANK,
*Appellee*,

v.

ERIC M. MUATHE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; RICHARD M. SMITH, judge. Opinion filed November 10, 2016. Affirmed.

*Eric M. Muathe*, appellant pro se.

*Mark A. Werner*, of The Law Office of Mark A. Werner, of Pittsburg, and *David M. Mangian*, of Thompson Coburn LLP, of St. Louis, Missouri, for appellee.

Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.

*Per Curiam*: Eric M. Muathe appeals from the district court's decision dismissing a previously filed notice of appeal based on his failure to docket that appeal with this court. Prior to Muathe's filing of his previous notice of appeal on July 22, 2015, the district court had granted summary judgment in favor of Fifth Third Bank (Bank) and against Muathe in this limited actions replevin proceeding. In the current appeal, which was filed on November 17, 2015, Muathe seeks relief from the dismissal of the previous notice of appeal. Because the previous appeal was never docketed, we affirm the district court's dismissal of the notice of appeal filed on July 22, 2015.

1

*Purchase of Vehicle and Assignment of Loan*

On November 22, 2006, Muathe entered into a retail installment contract and security agreement with Frank Fletcher Toyota in Joplin, Missouri, to purchase a new 2007 Mercedes-Benz C class automobile. He purchased the vehicle for $37,776 plus interest on the unpaid balance. The retail installment contract and security agreement contained an assignment to the Bank. In addition, Muathe signed a notice of security interest form acknowledging that the vehicle was subject to the Bank's lien. Subsequently, the Bank perfected its security interest by filing it with the Kansas Department of Revenue.

The assignment provided that all rights, title, and interest in the promissory note and security agreement were being assigned and transferred to the Bank. The assignment also granted the Bank the power—either in its own name or in the name of Frank Fletcher Toyota—to take legal action to enforce the promissory note and security agreement. The security agreement provided that in the event of default on the payments due under the terms of the promissory note, the Bank could immediately take possession of the property by legal process or utilizing self-help.

*Initial Proceedings in the Johnson County District Court*

On March 13, 2012, the Bank filed a limited actions replevin petition in Johnson County District Court against Muathe. In the petition, the Bank alleged that Muathe had breached the terms of the retail installment contract and security agreement. Specifically, the Bank alleged that Muathe defaulted on his monthly payments and that he had refused to return the vehicle. The Bank sought to recover the property and any unpaid contract payments plus interest. After an initial attempt to serve Muathe at an address in Johnson County listed on his credit application failed, the summons and petition was eventually served at Muathe's residence in Pittsburg.

Muathe—who has proceeded pro se throughout this action—filed an answer to the petition. In addition, he filed a motion to change venue and to transfer the case to Crawford County. According to Muathe, although he listed an address in Johnson County on his credit application, he listed an address in Pittsburg when he signed the contract. Accordingly, it was his contention that Crawford County was the proper venue for filing the replevin action.

*Proceedings in the Crawford County District Court*

On July 5, 2012, the replevin action was transferred to Crawford County from Johnson County. The case was initially assigned to Chief Judge Andrew J. Wachter, who Muathe sought to disqualify from handling the case. The motion to disqualify was assigned to Judge Oliver Kent Lynch, who found that although he believed that Chief Judge Wachter could be impartial in this case, a reasonable person could question his impartiality. Accordingly, the replevin action was reassigned to Judge Kurtis I. Loy. Shortly thereafter, Muathe filed a motion to disqualify Judge Loy but no affidavit in support of the motion was submitted.

On December 2, 2013, Muathe filed a motion to dismiss for lack of personal and subject matter jurisdiction. A few weeks later, Muathe filed a motion to dismiss for lack of standing and for failure to state a claim upon which relief may be granted. Because Muathe alleged that the attorneys who were representing the Bank would be called as witnesses at trial, they filed a motion to withdraw that was granted. Subsequently, Mark A. Werner entered his appearance as counsel for the Bank.

On January 16, 2014, Muathe filed a second motion to disqualify Judge Loy. This time, he also submitted an affidavit claiming that he could not get a fair trial from any Crawford County judge. A few weeks later, Muathe filed an objection to the proceedings, arguing that Judge Loy and Werner had "an obvious conflict of interest" that had not been revealed to him. Evidently the motion to disqualify was referred to Judge Lynch, who

3

issued a letter ruling that is not included in the record on appeal. The motion to disqualify was denied based on that letter ruling.

On February 5, 2014, an out-of-state attorney, David M. Mangian, was admitted pro hac vice to represent the Bank in this replevin action. The following day, Muathe filed another motion to disqualify Judge Loy, along with an affidavit in support. On February 11, 2014, Judge Lynch entered an order denying Muathe's third motion to disqualify Judge Loy.

On February 21, 2014, Muathe filed a motion for summary judgment in which he argued that (1) he did not sign a retail installment contract and security agreement with the Bank; (2) the district court lacked subject matter jurisdiction because the case was initially filed in the wrong county; (3) the Bank violated the Fair Debt Collection Practices Act; and (4) his due process rights had been violated. Three days later, Muathe filed a document labeled as a notice of appeal. On March 13, 2014, Muathe wrote a letter to Chief Justice Lawton Nuss—with a copy to Justice Lee A. Johnson—complaining about the impartiality of the judges who had been assigned to the replevin action.

On March 14, 2014, the Bank filed a motion for summary judgment. In addition, several other motions and responses were filed by the parties following the filing of the summary judgment motions. Ultimately, on July 10, 2014, Judge Loy entered a memorandum decision on all pending motions. Significantly, the district court granted the Bank's motion for summary judgment and denied Muathe's motion for summary judgment. In doing so, the district court found that the Bank met all necessary requirements to sustain its action in replevin. In denying Muathe's summary judgment motion, the district court specifically found that the Fair Debt Collection Practices Act did not apply since the Bank was not a "debt collector" as defined by 15 U.S.C. § 1692a (2012).

On July 17, 2014, Muathe filed a quo warranto petition against Judge Loy and Chief Judge Watcher in district court. The following day, Muathe filed (1) a motion to strike the district court's memorandum decision; (2) an objection to the memorandum decision; (3) a motion for a new trial; and (4) a notice of appeal of all adverse orders, judgments, and rulings entered to date. Additionally, Muathe filed a fourth motion to disqualify Judge Loy. Subsequently, the replevin action was reassigned to Judge Lynch.

On August 21, 2014, Muathe filed an objection to reassignment of the case to Judge Lynch. In addition to other arguments, Muathe argued that a conflict would be created by Judge Lynch hearing the case because he had been mentioned in the quo warranto petition. On September 30, 2014, the Bank filed a combined response to Muathe's motion for a new trial and other postjudgment motions, alleging that they were "nothing more than a continuation of the harassing and vexatious litigation strategy employed by [Muathe] since the filing of this straightforward replevin lawsuit." The Bank argued that the motions did not set forth a substantive basis for the requested relief and were not supported by facts or legal authority. The Bank also argued that the district court should sanction Muathe under K.S.A. 60-211(b)(1). On the same day, the Bank also filed a motion for attorney fees as well as an application for writ of execution.

On November 21, 2014, Judge Lynch ruled on the various postjudgment motions. In denying all of the motions, Judge Lynch pointed out that Muathe's arguments were identical or nearly identical to his previous motions. On November 26, 2014, Muathe filed a notice of appeal. However, the appeal was never docketed with this court. Instead, Muathe continued to file numerous motions in the district court.

Judge Lynch signed a writ of execution on December 1, 2014, and Muathe brought the 2007 Mercedes vehicle that was subject to the replevin judgment to the Crawford County Sheriff's Office on December 18, 2014. This, however, did not stop Muathe from continuing to file motions in the district court. Specifically, on January 26,

2015, Muathe filed (1) a second motion to vacate all of the orders entered by Judge Lynch; (2) a motion for the Bank to either return the vehicle or to post bond; (3) an objection to the writ of execution; and (4) a motion for determination of economic conflict of interest involving Judge Loy and Werner.

On February 11, 2015, the Kansas Supreme Court entered an order reassigning this replevin action to Senior Judge Janice Russell. At the same time, two other civil cases involving Muathe were also reassigned to Senior Judge Russell. On March 27, 2015, the Bank filed a combined response to Muathe's pending motions, arguing that once again the motions rehashed the same arguments previously rejected by the district court.

On April 29, 2015, Muathe filed a motion to disqualify Senior Judge Russell. However, he provided no affidavit in support of this motion and Senior Judge Russell held a hearing on the following day. Evidently, Judge Russell denied the pending motions from the bench but there is no transcript of the hearing in the record on appeal. On May 7, 2015, Muathe filed a second motion to disqualify Senior Judge Russell along with an affidavit in support. In his affidavit, Muathe suggested that Senior Judge Russell could not be fair in his case because he had previously sued her.

On May 27, 2015, Justice Lee A. Johnson—the Departmental Justice assigned to the Eleventh Judicial District—appointed Judge Mark A. Ward of the Sixth Judicial District "to determine the legal sufficiency of affidavits in support of motions to disqualify" Senior Judge Russell from this case as well as the two others involving Muathe that had been assigned to her. On June 5, 2015, Judge Ward entered an order granting Muathe's motion for change of judge, finding that "[a] disinterested person aware of the allegations by Mr. Muathe against Judge Russell in the prior case might reasonably doubt the impartiality of Judge Russell to preside over the instant case."

6

On June 10, 2015, the Kansas Supreme Court reassigned this replevin action to Senior Judge Richard Smith. A few weeks later, a journal entry was filed reflecting Senior Judge Russell's rulings from the hearing held on April 30, 2015. A review of the journal entry reveals that it is the journal entry proposed by the Bank's attorney on May 14, 2015, and sent to Muathe for his approval pursuant to Kansas Supreme Court Rule 170 (2015 Kan. Ct. R. Annot. 264). The journal entry stated that Muathe's motions had been denied and that the Bank's motion for attorney fees of $4,291.42 had been granted. The journal entry also reflected that Judge Russell had granted the Bank's request for sanctions against Muathe. Specifically, Judge Russell had ordered that Muathe be prohibited from filing any further motions or pleadings in this replevin action without the prior review and consent of the presiding judge that the motion or pleading has a sufficient legal basis.

On July 10, 2015, Senior Judge Smith filed an order denying Muathe's pending motions and limiting further pleadings. In his order, Senior Judge Smith found that the journal entry signed by Senior Judge Russell merely memorialized the rulings she made before she was replaced. Senior Judge Smith further found that Senior Judge Russell's decision relied on accurate statements of law and facts that were supported by the record. Senior Judge Smith noted that Senior Judge Russell's determination that attorney fees were owed was not a sanction but was a contractual obligation supported by the record. Moreover, Senior Judge Smith found that Senior Judge Russell's "sanctions for successive, frivolous, and overly-burdensome pleadings were not only warranted but will be adopted and enforced by this court." Specifically, Senior Judge Smith adopted Senior Judge Russell's prohibition against the filing of motions or pleadings in this case by Muathe without the prior approval of a district judge, with the exception of any pleadings necessary to perfect an appeal. Furthermore, Senior Judge Smith found that this was the final order in the case.

7

Although Muathe filed a notice of appeal on July 22, 2015, it was never docketed with this court. Accordingly, on October 2, 2015, the Bank filed a motion to dismiss the notice of appeal with the district court because Muathe failed to docket his appeal within 21 days of filing his notice of appeal as required by Kansas Supreme Court Rules 2.04(a)(1) (2015 Kan. Ct. R. Annot. 15) and 5.051(a) (2015 Kan. Ct. R. Annot. 38). A hearing on the motion to dismiss the appeal was held on October 20, 2015. It appears from the record, however, that Muathe did not appear at the hearing. Regardless, on October 23, 2015, the district court found that Muathe had abandoned his appeal and entered an order dismissing the notice of appeal filed on July 22, 2015.

*The Present Appeal*

On November 17, 2015, Muathe filed a notice of appeal of the district court's order entered on October 23, 2015. Unlike his previous appeal, Muathe docketed the present appeal with this court on December 8, 2015. In response, the Bank filed a motion to dismiss the appeal in this court on January 5, 2016. Believing that Muathe had not filed a response, the motion to dismiss the appeal was granted by the motions panel on January 25, 2016.

Subsequently, Muathe filed a motion to reinstate the present appeal. In his motion, Muathe pointed out that he had mailed a response to the Bank's motion to dismiss to the clerk of the appellate courts on January 19, 2016. For whatever reason, the response had not been filed upon receipt by the clerk's office. Accordingly, on February 25, 2016, the present appeal was reinstated by the motions panel so that the issue of whether the district court erred in dismissing the previous notice of appeal could be decided on the merits.

On March 18, 2016, Muathe filed a motion to remand this action to the district court for further proceedings. The Bank responded, arguing that there was no basis for remand. The motions panel agreed and denied Muathe's motion for remand on March 29, 2016. Thereafter, the present appeal was assigned to this panel for decision.

*Collateral Proceedings in Federal Court*

We note that while this case was pending in Crawford County, Muathe sued the Bank and 21 other defendants in federal court on May 2, 2014. The allegations in that case arose out of the same transaction as the state court replevin action. On October 21, 2014, the United States District Court for the District of Kansas dismissed the federal lawsuit for failure to state a claim upon which relief could be granted. *Muathe v. Fifth Third Bank*, No. 14-2207-JTM, 2014 WL 5341984, at *3 (D. Kan. 2014) (unpublished opinion); see also *Muathe v. Fifth Third Bank*, No. 14-2207-JTM, 2015 WL 248998 (D. Kan. 2015) (unpublished opinion).

In affirming the dismissal, the United States Circuit Court of Appeals for the Tenth Circuit noted that Muathe's complaint "consists mostly of unadorned legal conclusions, simply accusing the defendants of racketeering and fraud and a good many more crimes besides." *Muathe v. Fifth Third Bank*, 627 Fed. Appx. 732, 734 (10th Cir. 2015). Furthermore, the Tenth Circuit affirmed the denial of a motion to disqualify Judge J. Thomas Marten that had been filed by Muathe. 627 Fed. Appx. at 734.

ANALYSIS

As reflected in both the notice of appeal and in the docketing statement, the present appeal is from the order entered by Senior Judge Smith on October 23, 2015. In his order, Senior Judge Smith granted the Bank's motion to dismiss Muathe's previous notice of appeal that he had filed on July 22, 2015. Specifically, Senior Judge Smith found that because Muathe had failed to docket the previous notice of appeal, it was deemed to be abandoned.

Pursuant to Kansas Supreme Court Rule 5.051(a), when "an appellant has filed a notice of appeal in the district court, but has failed to docket [it] in compliance with Rule 2.04, the appeal is presumed abandoned and the district court may enter an order

9

dismissing the appeal." The order of dismissal is final unless the appellant submits an application for reinstatement for good cause shown to the clerk of the appellate courts within 30 days. Kansas Supreme Court Rule 5.051(b). Muathe did not file an application for reinstatement of the notice of appeal filed on July 22, 2015, so the district court's dismissal became final. Moreover, a review of the record clearly reflects that Muathe has never docketed his notice of appeal filed on July 22, 2015. We, therefore, affirm the district court's dismissal of Muathe's July 22, 2015, notice of appeal.

We also note that even if we were to consider the merits of the underlying case, we would find that the Bank was entitled to summary judgment as a matter of law based on the uncontroverted facts.

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015).

Muathe's primary argument is that there is a question of fact about whether the Bank was the real party in interest to bring this replevin action against him. The real party in interest is "'the party who, by the substantive law, has the right sought to be enforced.'" *Torkelson v. Bank of Horton*, 208 Kan. 267, 270, 491 P.2d 954 (1971). The reason the real party in interest must be determined is to protect a defendant from being harassed by

10

multiple suits for the same cause of action. If a judgment is obtained it must be "'a full, final and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party.' [Citation omitted.]" *Larson Operating Co. v. Petroleum, Inc.*, 32 Kan. App. 2d 460, 465, 84 P.3d 626 (2004).

Here, a review of the written documents contained in the record on appeal reveals that all rights, title, and interest in the promissory note and security agreement executed by Muathe were assigned and transferred to the Bank on November 22, 2006. Specifically, the record reflects that Muathe entered into a retail installment contract and security agreement with Frank Fletcher Toyota on that date to purchase a new 2007 Mercedes-Benz C class automobile. The security agreement—which was signed by Muathe—contained the assignment to the Bank. Moreover, it is uncontroverted that the Bank subsequently perfected its security interest by filing it with the Kansas Department of Revenue. It is also uncontroverted that Muathe signed a notice of security interest form acknowledging that the vehicle was subject to the Bank's lien. Accordingly, we find that there is no dispute regarding a material question of fact as to whether the Bank is the real party in interest to bring this replevin action.

In order to be entitled to recovery in replevin, the Bank had to prove the following: "(1) That the plaintiff is the owner of the property claimed, sufficiently describing it, or is lawfully entitled to the possession thereof, (2) that it is wrongfully detained by the defendant . . . and (3) the estimated value thereof." K.S.A. 2015 Supp. 60-1005(a). The uncontroverted facts show that the Bank has met each of these factors. Accordingly, we find that the Bank was—and is—entitled to summary judgment as a matter of law in this case.

Affirmed.

11